RECEIPT # 65344
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 7-1-05

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.:

PATRICIA BERGEVINE,
          Plaintiff,

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC.,
FRANCIS H. CURREN, JR.,
ROBERT H. PEASE, JR., FRANCIS
H. CURREN, III A/K/A KIP CURREN,
AND MEREDITH A. CURREN,
          Defendants.

**05  11395 RCL**

MAGISTRATE JUDGE Bowler

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTORY STATEMENT**

This is a civil action for (i) breach of contract; (ii) fraud; (iii) violations of the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1962(a)-(d); (iv) negligence; (v) negligent misrepresentation; (vi) negligent infliction of emotional distress; and (vii) intentional infliction of emotional distress arising from the Defendants Pease & Curren, Inc., Pease & Curren Materials, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren, III a/k/a Kip Curren and Meredith A. Curren's (hereinafter the "Defendants") fraudulent business practices committed during the Plaintiff Patricia Bergevine's (hereinafter the "Plaintiff") employment with the Defendants.

**PARTIES**

1.    The Plaintiff Patricia Bergevine ("Bergevine") is an individual residing at 428 South Street, Plainville, Norfolk County, Commonwealth of Massachusetts, 02762.

2. The Defendant Pease & Curren, Inc. ("Pease & Curren") is a corporation incorporated under the laws of the State of Rhode Island having its principal place of business located at 75 Pennsylvania Avenue, Warwick, Rhode Island, 02888.

3. The Defendant Pease & Curren Materials, Inc. ("Pease & Curren Materials") is a corporation incorporated under the laws of the State of Rhode Island having its principal place of business located at 75 Pennsylvania Avenue, Warwick, Rhode Island, 02888.

4. The Defendant Francis H. Curren, Jr. ("Curren, Jr.") is an individual residing at 7 Newport Street, Jamestown, State of Rhode Island.

5. The Defendant Robert H. Pease, Jr. ("Pease") is an individual residing at 263 Wickford Point Road, North Kingstown, State of Rhode Island.

6. The Defendant Francis H. Curren, III ("Curren, III") a/k/a Kip Curren is an individual residing at 23 William Drive, Middletown, State of Rhode Island.

7. The Defendant Meredith A. Curren ("M. Curren") is an individual residing at 1274 Narragansett Boulevard, Cranston, State of Rhode Island. Meredith Curren is currently the President of Pease & Curren and Pease & Curren Materials.

## JURISDICTION

8. The United States District Court for the District of Massachusetts has proper jurisdiction over this matter by reason of complete diversity of citizenship of the parties, and the jurisdictional amount in controversy. 28 U.S.C.A. § 1332 and § 1335. The matter in controversy exceeds, exclusive of interest and costs, Seventy-Five Thousand Dollars and 01/100 ($75,000.01).

9. This action also arises under the Racketeer Influence and Corrupt Organization Act, 18 U.S.C.A. § 1964, as hereinafter more fully appears.

## FACTUAL BACKGROUND

10.     Working as an independent contractor, and later an employee, the Plaintiff Patricia Bergevine ("Bergevine") was a dental account representative for the Defendants from August, 1996 to June, 2002.

11.     At all relevant times herein, the Defendants Pease & Curren and Pease & Curren Materials were in the business of refining precious metals for various industries. Pease & Curren maintains business relationships with clients throughout the United States.

12.     The Plaintiff introduced the Defendants to her various contacts in the dental industry located throughout the United States.

13.     At all material times, Curren Jr. was the Chairman, Pease was the President, Curren, III, was the Vice President, and M. Curren was the Chief Financial Officer at Pease & Curren and Pease & Curren Materials.

14.     Prior to Bergevine's employment relationship with the Defendants, Pease & Curren and Pease & Curren Materials did not actively market and solicit the dental profession in an effort to obtain various precious metals for refining.

15.     The Plaintiff primarily worked from her home in Massachusetts.

16.     Approximately one (1) day per week, the Plaintiff would attend work at the offices of the Defendants Pease & Curren and Pease & Curren Materials in Warwick, Rhode Island.

17.     The Plaintiff's primary responsibility was to solicit business, including attending trade shows, making telephone sales calls and following up on client contacts.

18. In exchange for her work, from August, 1996 until December, 2001, the Defendants paid the Plaintiff a stipend of Two Hundred Dollars ($200.00) per week for the first two (2) years and Three Hundred Dollars ($300.00) per week, thereafter.

19. Additionally, for each job or "lot" that she brought to the Defendants, the Plaintiff received a commission of Fifty Dollars ($50.00) in the first two (2) years, and Seventy-Five Dollars ($75.00) thereafter.

20. Finally, the Plaintiff would receive additional commissions for each job or "lot" based on the total weight of each of the metals refined.

21. For a "melt job", the Plaintiff would receive One Dollar ($1.00) for each troy ounce of each metal received and for a "sweep", the Plaintiff would receive Five Dollars ($5.00) for each troy ounce of each metal recovered.

22. The Defendants would prepare a report (hereinafter, "Report") from each "lot" refined or "assayed" and would then issue a check to the client based on the market value of the respective total weight of each of the metals comprising the lot.

23. The Plaintiff prepared and submitted monthly invoices for her commission based upon the Reports provided to her by the Defendants.

24. The Defendants paid the Plaintiff once a week for the stipend and once a month for commissions with a company check.

25. The checks were issued from Pease & Curren's payroll department and were signed by Pease.

26. In or around December, 2001, the Defendants modified the Plaintiff's employment terms and hired the Plaintiff as a salaried employee of the corporation.

27. Based upon the amount of money received by the Plaintiff for the partial year of employment through June, 2002, the Plaintiff's annual compensation would have been approximately One Hundred Thousand Dollars ($100,000.00), including the commissions on the lots, melts and sweeps as previously described herein.

28. Throughout the course of her employment relationship with the Defendants, the Plaintiff regularly received phone calls and letters from a number of her clients asking for the Defendants to re-assay the lots, because the weights and corresponding reimbursements seemed low by their previous numbers.

29. The majority of the times that a lot was re-assayed, the Defendants would claim that the original numbers were correct.

30. In June, 2002, a colleague of the Plaintiff discovered another database at the Defendants' offices in Warwick, RI containing files with reports detailing different amounts for many of the lots.

31. The colleague informed the Plaintiff of the additional database and further indicated to the Plaintiff that the reports in the database contained the actual amount of each metal refined on each lot.

32. After comparing the files in the database to those reports that the Plaintiff and the clients received from the Defendants, the Plaintiff and her colleague discovered that the Defendants were systematically lowering the reported weights and percentage of metals recovered to defraud their clients, employees and the Plaintiff.

33. By lowering the amount of weight or percentage of each metal recovered, the Defendants paid less money to the clients and fewer commissions to the Plaintiff, and concealed the actual value of the lots assayed and recovered.

34. The Plaintiff reviewed the fraudulent documentation and then, in June, 2002, the Plaintiff contacted the Federal Bureau of Investigation ("FBI") to report the fraud.

35. On the advice of the FBI, the Plaintiff gave her notice to the Defendants in July, 2002 and left immediately thereafter.

36. The Plaintiff immediately began to suffer nightmares, stomach illness and constant fear, anxiety and panic relating to the discovery and reporting of the fraud.

37. In or around June, 2003, after a year of panic attacks, stomach illness and nightmares, the Plaintiff began treating with a physician and taking medication for her distress.

38. Soon after the report was made to the FBI, the FBI requested that the Rhode Island Financial Crimes Unit of the State Police take over the investigation and that investigation is ongoing.

39. Upon information and belief, the Defendants systematically defrauded their clients and the Plaintiff in order to conceal the actual amounts of metals refined and recovered.

40. Upon information and belief, the Plaintiff estimates that she has been defrauded in payment of commissions in the approximate total amount of One Hundred Fifty Thousand Dollars ($150,000.00).

41. The Defendants derived a significant amount of income from their fraudulent conduct.

42. Upon information and belief, the Defendants invested some part of the fraudulently derived income into the business in which they are currently engaged, i.e. the business of refining metals, and into other enterprises.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Contract
### (Bergevine v. Pease & Curren, Inc. and Pease & Curren Materials, Inc.)

43. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-42, as though fully set forth herein.

44. The Plaintiff performed work as a dental account representative for the Defendants from August, 1996 to June, 2002.

45. The Defendants would prepare a report from each lot assayed and refined and would then issue a check to the client based on the market value of the weights and percentages of the metals refined and recovered.

46. The Plaintiff prepared and submitted monthly invoices for her commission based upon the reports.

47. The Defendants paid the Plaintiff with checks issued by Pease & Curren, and the checks were issued from Pease & Curren's payroll department and signed by the President, Pease.

48. In or around December, 2001, the Defendants modified the Plaintiff's employment terms and hired the Plaintiff as a salaried employee of the corporation with an average salary of approximately One Hundred Thousand Dollars ($100,000.00) per year including the commissions on the lots, melts and sweeps as described herein.

49. Based upon the course of dealing between the Plaintiff, as an Independent Contractor, and the Defendants, as the recipient of her efforts, as well as the Plaintiff's salaried employment with the Defendants, the Plaintiff and the Defendants maintained

an Employment Contract (the "Contract") regarding the terms of the Plaintiff's employment.

50. In accordance with that Contract, the Defendants had a duty to pay the Plaintiff as agreed.

51. The Defendants breached that duty by systematically defrauding the Plaintiff.

52. Specifically, by submitting falsified reports to the Plaintiff containing lower amounts of the weights of the metals refined, the Defendants caused the Plaintiff to be paid less than the amount called for by the Contract.

53. If the Defendants had not falsified the reports, the Plaintiff would have received significantly more income on the lots that she secured for Pease & Curren.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants for a sum to be determined at trial, plus interest, attorneys' fees and court costs.

## COUNT II
### Fraud

54. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-53, as though fully set forth herein.

55. By intentionally and systematically falsifying the reports from the assays of the lots brought in by the Plaintiff, the Defendants materially misrepresented certain facts to the Plaintiff regarding the amounts of metals recovered, thereby causing the Plaintiff to base her invoices for payment upon falsified reports.

56. The Defendants intended the Plaintiff to rely on the falsified reports in order to pay her less money in commissions.

57. A substantial portion of the Plaintiff's income was based upon the reports and the Plaintiff relied upon the falsified information.

58. The Plaintiff reasonably relied on the representations of the Defendants to her detriment.

**WHEREFORE,** the Plaintiff has suffered monetary damages in the approximate amount of One Hundred Fifty Thousand Dollars ($150,000.00) as a result of the Defendants' fraudulent conduct and demands judgment against the Defendants in an amount to be proven at trial, plus interest and court costs.

## COUNT III
### Violations of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 *et. seq.*

59. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-58, as though fully set forth herein.

60. The Defendants are engaged in an enterprise which affects interstate commerce.

61. The Defendants systematically defrauded the Plaintiff, and their clients, by misrepresenting the amounts of metals refined on the lots received.

62. By preparing false reports, the Defendants derived income from the additional metals refined.

63. The Defendants also derived income by paying lower commissions to the Plaintiff based upon the numbers reported in the falsified records.

64. The Defendants are each a "person" under 18 U.S.C. §§ 1962 *et. seq.*

65. The Defendants used or invested, directly or indirectly, part of that income or the proceeds of that income, to continue the operation of the enterprise in which they are engaged.

66.  Upon information and belief, the Defendants used or invested, directly or indirectly, part of that income or the proceeds of that income to acquire an interest in, establish or operate other enterprises.

67.  The Plaintiff suffered a racketeering injury by reason of the Defendants' pattern of racketeering behavior.

68.  Pursuant to 18 U.S.C. § 1964 (c), the Plaintiff is entitled to treble damages and attorneys' fees.

**WHEREFORE**, the Plaintiff has suffered monetary damages as a result of the Defendants' violations of the Racketeer Influence and Corrupt Organizations Act and demands judgment against the Defendants in an amount to be proven at trial, plus treble damages, interest, court costs and attorneys' fees.

## COUNT IV
### Negligence

69.  The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-68, as though fully set forth herein.

70.  The Defendants negligently and carelessly maintained, supervised and operated the business practices of Pease & Curren.

71.  In accordance with their Contract with Bergevine, the Defendants had a duty to maintain, supervise and operate their business lawfully.

72.  The Defendants also had a duty to provide accurate assay Reports to the Plaintiff in order to accurately determine the amount of her commissions.

73. By allowing inaccurate reports to be submitted to the Plaintiff containing lower amounts of the weights of the metals refined and recovered, the Plaintiff received less commission monies than the amount to which she was entitled.

**WHEREFORE,** the Plaintiff has suffered damages as a result of the Defendants' negligent conduct and demands judgment against the Defendants in an amount to be proven at trial, plus interest and court costs.

## COUNT V
### Negligent Misrepresentation

74. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-73, as though fully set forth herein.

75. The Defendants negligently represented the terms of the Plaintiff's employment and the total amounts of weights refined upon which the Plaintiff relied.

76. The Defendants knew or should have known that the Plaintiff would reasonably rely on the Defendants' representations.

77. The Plaintiff relied upon the Defendants' representations to her detriment.

78. As a result of the foregoing, the Defendants have caused the Plaintiff to suffer damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for negligent misrepresentation and an award of damages in an amount to be proven at trial, plus interest and court costs.

## COUNT VI
### Negligent Infliction of Emotional Distress

79. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-78, as though fully set forth herein.

80. The Defendants had a duty to conduct their business in accordance with state and federal laws.

81. The Defendants breached that duty by intentionally and systematically defrauding their clients and the Plaintiff.

82. The breach of that duty, and the Plaintiff's discovery and reporting of same, caused the Plaintiff to suffer nightmares, stomach illness and constant fear, anxiety and panic.

83. The symptoms experienced by the Plaintiff were reasonably foreseeable.

84. The Defendants' breach of their duty to conduct their business in accordance with state and federal laws has caused the Plaintiff to experience emotional distress and physical harm.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for negligent infliction of emotional distress and an award of damages in an amount to be proven at trial, plus interest and court costs.

## COUNT V
### Intentional infliction of Emotional Distress

85. The Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1-84, as though fully set forth herein.

86. The Defendants had a duty to conduct their business in accordance with state and federal laws.

87. The Defendants breached that duty by intentionally and systematically defrauding their clients and the Plaintiff.

88.     The systematic defrauding of the Defendants' clients and the Plaintiff, which was a violation of federal and state law, constitutes a reckless disregard of the probability that discovery of the fraud would cause emotional distress to the Plaintiff.

89.     The act of an employer committing this type of fraud against its clients and employees is an extreme and outrageous act.

90.     The falsification of the records by the Defendants, and the Plaintiff's subsequent discovery and reporting of same, caused the Plaintiff to suffer distress, including anxiety, nightmares, depression, stomach pain and phobias.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for intentional infliction of emotional distress and an award of damages in an amount to be proven at trial, plus interest and court costs.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: July 1, 2005

Respectfully submitted,
PATRICIA BERGEVINE,
By her attorneys,

*/s/ Gregory J. Aceto*
Gregory J. Aceto, Esq.
 (BBO No. 558556)
Erin J. Brennan, Esq.
 (BBO No. 660097)
JOHNSON & ACETO, P.C.
67 Batterymarch Street
Boston, MA  02110
(617) 728-0888

**05 11395 RCL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Bergevine v. Pease & Curren, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    __  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    X   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    __  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    __  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    Not Applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                    YES ☐        NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                    YES ☐        NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                    YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                    YES ☐        NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                    YES ☒        NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division  ☒     Central Division ☐     Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division  ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                    YES ☐        NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Gregory J. Aceto, Esq.
ADDRESS   Johnson & Aceto, P.C., 67 Batterymarch St., Ste 400, Boston, MA
TELEPHONE NO.   617-728-0888                                                                02110

(CategoryForm.wpd -5/2/05)

≈JS 44 (Rev. 11/04)             CIVIL COVER SHEET    05 11395 RCL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Bergevine, Patricia

**DEFENDANTS**
Pease & Curren, Inc., et. al.

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-728-0888
Gregory J. Aceto, Johnson & Aceto, P.C.
67 Batterymarch Street, Boston, MA 02110

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. s. 1332 and sec. 1335
Brief description of cause:
Fraudulent misrepresentation regarding weights of lots assayed

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7-1-05
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregory J. Aceto

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____