UNITED STATES DISTRICT COURT OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICIA BERGEVINE | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | C.A. No.: O5 11395 RCL |
| | : | |
| PEASE & CURREN, INC., PEASE & | : | |
| CURREN MATERIALS, INC., | : | |
| FRANCIS H. CURREN, JR., ROBERT | : | |
| H. PEASE, JR., FRANCIS H. CURREN,: | | |
| III A/K/A KIP CURREN AND | : | |
| MEREDITH A. CURREN | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Now come Pease & Curren, Inc., Pease & Curren Materials, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren, III a/k/a Kip Curren, and Meredith A. Curren, and hereby while contesting both personal and subject matter jurisdiction, as pleaded as affirmative defenses herein, otherwise answer the Plaintiff's complaint as follows:

## FIRST DEFENSE

1.    The Defendants are without sufficient knowledge or belief to either admit nor deny paragraph one of Plaintiff's complaint and leave Plaintiff to her proof.

2.    The Defendants admit the averments set forth in paragraph 2 of Plaintiff's complaint.

3.    The Defendants admit the averments set forth in paragraph 3 of Plaintiff's complaint.

4.     The Defendants admit the averments set forth in paragraph 4 of Plaintiff's complaint.

5.     The Defendants admit the averments set forth in paragraph 5 of Plaintiff's complaint.

6.     The Defendants admit the averments set forth in paragraph 6 of Plaintiff's complaint.

7.     The Defendants admit the averments set forth in paragraph 7 of Plaintiff's complaint.

8.     As the Defendants are without sufficient information and belief as to the location where the Plaintiff does reside and as the Defendants aver that the Plaintiff's claim for damages is not made in good faith and therefore, does not meet the good faith requirements for the amount in controversy, the Defendants deny that this Honorable Court has jurisdiction over this matter under 28 U.S.C.A. §1332 and §1335.

9.     As the Defendants aver that the claim of the Plaintiff under 18 U.S.C.A. §1964, has not been pleaded in good faith by the Plaintiff, and the claim on its face fails to set forth sufficient predicate acts and other necessary elements for the statute to apply as pleaded, in order to set forth a cause of action under 18 U.S.C.A. §1964 upon which relief may be granted, the Defendants deny that this Honorable Court has subject matter jurisdiction pursuant to that statute.

10.    The Defendants deny the averments as set forth in paragraph 10 of Plaintiff's complaint as the Plaintiff during a material part of that period was an independent contractor who freely and voluntarily contracted with Pease & Curren, Inc.

2

only to perform a service and then during part of the period alleged by the Plaintiff acted as an employee to Pease & Curren, Inc. only, in an "at will" arrangement, from which she could have resigned at any time. In addition, the Plaintiff is falsely stating that she left the employ of the Defendant, Pease & Curren, Inc. in June of 2002.

11. The averment that "Pease & Curren" in a corporate capacity as set forth in paragraph 11 of Plaintiff's complaint was in the business of refining precious metals is true, and admitted. The Defendants are without sufficient knowledge and belief to know what time periods the Plaintiff believes are relevant hereto, nor what Plaintiff means by "business relationships with clients throughout the United States."

12. The only privity of contract existed between the Plaintiff and Pease & Curren, Inc. Therefore to the extent that the Plaintiff made contacts with persons and/or entities in the dental industry, she only did so on behalf of Pease & Curren, Inc. and not any other of the Defendants. In addition, the Plaintiff contrary to her allegations was not the originator of a number of such contacts.

13. The Defendants admit that the individual Defendants were and/or are officers of the Corporate Defendant, Pease & Curren, Inc.

14. The Defendants neither admit nor deny the averments contained in paragraph fourteen of Plaintiff's complaint as the Defendants do not know what the Plaintiff's intended meaning is of "actively market and solicit the dental profession in an effort to obtain various precious metals for refining."

15. The Defendants are without sufficient knowledge or belief to either admit nor deny the averments contained in paragraph 15 of Plaintiff's complaint.

3

16.    In answer to paragraph #16 of Plaintiff's complaint the Defendants admit that the general trend was for the Plaintiff to be in attendance at the offices of Pease & Curren, Inc. no more than part of one day, per week.

17.    In answer to paragraph 17 of Plaintiff's complaint, with the caveat that the Plaintiff, was acting as an independent contractor to the Defendant, Pease & Curren, Inc. for a several year period, who was free to work for other refiners of precious metals, and to solicit business on their behalf, the Plaintiff did at times solicit business for the Defendant Pease & Curren, Inc. and at times did act as a sales agent for Pease & Curren, Inc.

18.    The averments as set forth in paragraph #18 are denied as the so called stipened amount varied between $200 and $300 depending on the number of hours claimed by the Plaintiff, when she invoiced the Defendant Pease & Curren, Inc. on either a weekly or monthly basis. For example, there are statements dated 11/15/97 which upon information and belief were prepared by the Plaintiff, indicating that she was being compensated as an independent contractor at the rate of $10.00 per hour and for the weeks ending 10/5/97 and 10/12/97, wherein she billed Pease & Curren, Inc. the sum of $250.00 for each of said weeks.

19.    The Defendants admit that part of the Plaintiff's commission structure for certain lots was a flat $50.00 which was then at some point increased to $75.00 for those certain lots. These sums did not have to be paid on all lots.

20.    The Defendants admit that a portion of the commission structure was to pay to the Plaintiff a percentage of the agreed upon return to be paid to the customer, on

4

certain lots depending on the nature of the metals contained in the lot and certain estimated minimum weights, as contained in the lot.

21.     The Defendants deny the averments as stated in paragraph 21 of Plaintiff's complaint as they are not accurate as stated. The Plaintiff leaves out key elements, such as the fact that it was agreed that "No payment will be made for represented or exchanged jobs".

22.     The Defendnats deny the averments as contained in paragraph 22 of Plaintiff's complaint as it was Pease & Curren, Inc. that prepared a report and not the other Defendants and the check issued was known to be based on a number of different factors which occur in the refining process, but not limited to the estimated weights of specific metals, while still mixed with other waste product, and ultimately by agreement between Pease & Curren, Inc. and the customer.

23.     In answer to paragraph #23 of Plaintiff's complaint, the Defendants cannot attest to the factors which were in Plaintiff's mind when she prepared invoices for commission. The Defendant, Pease & Curren would provide reports to the Plaintiff.

24.     The Defendants did not all pay the Plaintiff. It was the Defendant Pease & Curren, Inc. that would pay the Plaintiff based on the invoices which she prepared. In addition, the Plaintiff would not always invoice the Defendant on a weekly basis, and therefore payments were not always made in that manner.

25.     The Defendants deny the averments contained in paragraph 25 of Plaintiff's complaint as the checks were not always issued in this manner. In fact, at a point in time, the payroll was processed through ADP payroll services.

26.    In answer to paragraph number 26 of Plaintiff's complaint, the Plaintiff was hired as an employee "at will" under the laws of the State of Rhode Island and this was by mutual agreement between the Plaintiff and the Defendant Pease & Curren, Inc.

27.    The Defendants are without sufficient knowledge or belief or expertise to make this type of actuarial computation and leave Plaintiff to her proof, in answer to paragraph 27 of Plaintiff's complaint.

28.    The Defendants are without any knowledge of communications which the Plaintiff alleges that she had with third parties, to which conversations none of the Defendants were a party. Therefore, the Defendants leave the Plaintiff to her proof. The Defendants do however deny that any of the weights were what the Plaintiff claims were "low by their previous numbers".

29.    The Defendants state that Pease & Curren, Inc. at all times acted honestly and within the standards of measure accepted in the industry, and therefore agree with the Plaintiffs averment that the Defendants at all times relevant hereto do and did aver that the weights and measures were substantially correct, based on the state of the art and industry standard.

30.    The Defendants deny the averments as stated and contained in paragraph 30 of Plaintiff's complaint.

31.    The Defendants are without knowledge or belief as to the allegations a so-called "colleague" of Plaintiff may have made to her as alleged in paragraph 31 of Plaintiff's complaint and leave Plaintiff to her proof. The Defendants do deny that there

6

existed a so-called "additional database" which allegedly "contained the actual amount of each metal refined on each lot."

32.     The Defendants deny each and every allegation of the Plaintiff contained in paragraph 32 of Plaintiff's complaint.

33.     The Defendants deny each and every allegation of the Plaintiff contained in paragraph 33 of Plaintiff's complaint.

34.     The Defendants deny in answer to paragraph number 34 that there was any fraudulent documentation. The Defendants have no knowledge nor belief as to whether or not the Plaintiff made a report to the FBI in June of 2002, and if she did the Defendants state that it was a false report. The Defendants note that as of the present date no known activity has been undertaken by the FBI.

35.     The Defendants are without information or belief as to what conversations if any took place between the Plaintiff and the FBI and leave the Plaintiff to her proof, as to paragraph 35 of her complaint.

36.     The Defendants are without knowledge or belief as to the physical condition of the Plaintiff at any time as alleged by the Plaintiff in paragraph 36 of her complaint, and leave Plaintiff to her proof.

37.     In answer to paragraph 37 of Plaintiff's complaint, the Defendants are without knowledge or belief as to what if any treatment the Plaintiff received from a physician or what medication she took and leave Plaintiff to her proof.

38.     In answer to paragraph #38 of Plaintiff's complaint, the Defendants have no knowledge or belief as to what communications if any took place between the FBI and

7

the Rhode Island State Police. The Defendants are also not aware of any presently
ongoing investigation and leave the Plaintiff to her proof.

39.     The Defendants deny each and every allegation of paragraph 39 of
Plaintiff's complaint.

40.     The Defendants deny each and every allegation of paragraph 40 of
Plaintiff's complaint.

41.     The Defendants deny each and every allegation of paragraph 41 of
Plaintiff's complaint.

42.     The Defendants deny each and every allegation of paragraph 42 of
Plaintiff's complaint.

43.     In answer to paragraph 43 of Plaintiff's complaint, the Defendants
incorporate by reference herein the answers contained in paragraphs 1-42, as though fully
set forth herein.

44.     The Defendants deny the averments as contained in paragraph 44 of
Plaintiff's complaint as the dates are not accurate.

45.     The Defendants deny the averments as contained in paragraph 45 of
Plaintiff's complaint as weight estimates are only part of the manner/criteria on which an
offer is based, which offer is then accepted or rejected by the customer.

46.     The Defendants are without sufficient knowledge and/or belief to know
what methodology the Plaintiff used in calculating her invoices. It is known that the
Plaintiff delivered invoices without any complaint and received payment in full for each
and every invoice.

47.     In answer to paragraph 47 of Plaintiff's complaint, the Defendants hereby incorporate their answer to paragraph 24 above and make it a part hereof.

48.     In answer to paragraph 48 of the Plaintiff's complaint the Defendants hereby incorporate their answer to paragraph 26 above and make it a part hereof.

49.     The Defendants deny the averments as contained in paragraph 49 of Plaintiff's complaint as the only Defendant with "privity of contract" with the Defendant is Pease & Curren, Inc.   The Plaintiff had and has no agreement with any other Defendant.  In addition, the Plaintiff had an oral agreement with Pease & Curren, Inc. re: her status as an independent contractor and an oral agreement re: her subsequent at will employment.

50.     In answer to paragraph 50 of Plaintiff's Complaint, the Defendant Pease & Curren, Inc. did in fact pay to the Plaintiff all sums agreed upon and no complaint was received from Plaintiff, nor notice, contesting the amount of the commissions she received.

51.     The Defendants deny each and every allegation of paragraph 51 of Plaintiff's complaint.

52.     The Defendants deny each and every allegation of paragraph 52 of Plaintiff's complaint.

53.     The Defendants deny each and every allegation of paragraph 53 of Plaintiff's complaint.

9

54. The Defendants, in answer to paragraph 54 of Plaintiff's complaint, hereby incorporate by reference the answers contained in Paragraph 1-53, as though fully set forth herein.

55. The Defendants deny each and every allegation of paragraph 55 of Plaintiff's complaint.

56. The Defendants deny each and every allegation of paragraph 56 of Plaintiff's complaint.

57. The Defendants deny the allegations as set forth in paragraph 57 of Plaintiff's complaint.

58. The Defendants deny the allegations contained in paragraph 58 of Plaintiff's complaint.

59. In answer to paragraph 59 of Plaintiff's complaint, the Defendants incorporate by reference herein the answers contained above to paragraphs 1-58 of Plaintiff's complaint as though fully set forth herein.

60. In answer to paragraph 60 of Plaintiff's complaint, the Defendants deny that they are engaged in "an enterprise" which affects interstate commerce as defined in 18 U.S.C. §1962 et. seq.

61. The Defendants deny each and every allegation of paragraph 61 of plaintiff's complaint.

62. The Defendants deny each and every allegation of paragraph 62 of Plaintiff's complaint.

10

63.    The Defendants deny each and every allegation of paragraph 63 of Plaintiff's complaint.

64.    The Defendants deny each and every allegation of paragraph 64 of Plaintiff's complaint.

65.    The Defendants deny each and every allegation of paragraph 65 of Plaintiff's complaint.

66.    The Defendants deny each and every allegation of paragraph 66 of Plaintiff's complaint.

67.    The Defendants deny each and every allegation of paragraph 67 of Plaintiff's complaint.

68.    The Defendants deny each and every allegation of paragraph 68 of Plaintiff's complaint.

69.    The Defendants hereby incorporate by reference the answers contained in paragraphs 1-68 of this answer, in answer to paragraph 69 of Plaintiff's complaint and make them a part hereof.

70.    The Defendants deny each and every allegation of paragraph 70 of Plaintiff's complaint.

71.    The Defendants deny each and every allegation of paragraph 71 of Plaintiff's complaint.

72.    The Defendants deny each and every allegation of paragraph 72 of Plaintiff's complaint.

73.    The Defendants deny each and every allegation of paragraph 73 of Plaintiff's complaint.

74.    The Defendants hereby, in answer to paragraph 74 of Plaintiff's complaint, hereby incorporate by reference the answers contained in paragraphs 1-73 of this answer and make them a part hereof.

75.    The Defendants deny each and every allegations of Paragraph 75 of Plaintiff's Complaint.

76.    The Defendants deny each and every allegation of Paragraph 76 of Plaintiff's Complaint.

77.    The Defendants deny each and every allegation of Paragraph 77 of Plaintiff's Complaint.

78.    The Defendants deny each and every allegation of Paragraph 78 of Plaintiff's Complaint.

79.    The Defendants hereby incorporate by reference the answers contained in Paragraphs 1 through 78 of this Answer, in answer to Paragraph 79 of Plaintiff's Complaint.

80.    The Defendants deny each and every allegation of Paragraph 80 of Plaintiff's Complaint.

81.    The Defendants deny each and every allegation of Paragraph 81 of Plaintiff's Complaint.

82.    The Defendants deny each and every allegation of Paragraph 82 of Plaintiff's Complaint.

83.     The Defendants deny each and every allegation of Paragraph 83 of Plaintiff's Complaint.

84.     The Defendants deny each and every allegation of Paragraph 84 of Plaintiff's Complaint.

85.     The Defendants in answer to Paragraph 85 of Plaintiff's Complaint incorporate by reference their answers to Paragraphs 1 through 84 above, as though fully set forth herein.

86.     In answer to Paragraph 86, the Defendants, of course, agree that they must comply with all state and federal law, and they aver that they have and are conducting their respective business in full compliance with law.

87.     The Defendants deny each and every allegation contained in Paragraph 87 of Plaintiff's Complaint.

88.     The Defendants deny each and every allegation contained in Paragraph 88 of Plaintiff's Complaint.

89.     The Defendants deny each and every allegation contained in paragraph 89 of Plaintiff's Complaint.

90.     The Defendants deny each and every allegation contained in Paragraph 90 of Plaintiff's Complaint.

## SECOND DEFENSE

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

13

The Defendants hereby plead the affirmative defense of the Plaintiff failing to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of Plaintiff's unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of waiver.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of fraud by the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of limitations of actions.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of personal jurisdiction (in person jurisdiction) over some and/or all of the Defendants.

## NINTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of privity of contract and/or agreement.

## TENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of want of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of subject matter jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of failure of the Plaintiff to mitigate alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of failure of Plaintiff to join indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of voluntary assumption of a known risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of intervening causation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of probable cause.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of any duty to the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of lack of reasonable reliance.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the Plaintiffs' material breach of contract.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the Plaintiff's breach of fiduciary duty to the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of setoff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the non-existence of any physical manifestations and/or direct physical harm by and/or to the Plaintiffs which is a condition precedent and/or subsequent and or a necessary element to certain of the causes of action pleaded by the Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the Plaintiff's contributory and/or comparative negligence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of payment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of accord and satisfaction of a disputed claim.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the Plaintiff's unilateral mistake.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Defendants hereby plead the affirmative defense of the Plaintiff's lack of standing.

WHEREFORE, the Defendants respectfully demand the entry of judgment in favor of the Defendants and against the Plaintiff on all counts of Plaintiff's Complaint, so dismissing Plaintiff's Complaint with prejudice, no interest, no costs.

PEASE & CURREN, INC., PEASE & CURREN MATERIALS, INC., FRANCIS H. CURREN, JR., ROBERT H. PEASE, JR., FRANCIS H. CURREN, III, a/k/a KIP CURREN, and MEREDITH A. CURREN,

By Their Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island  02903
Tel. (401) 331-5700
Fax (401) 33105787

Date: August 7 , 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this $9_{7}{}^{h}$ day of August, 2005, a true copy of the within was sent, via facsimile and first-class mail, postage prepaid, to the following:

Gregory J. Aceto, Esq.
Erin J. Brennan, Esq.
Johnson & Aceto, P.C.
67 Batterymarch Street
Boston, MA 02110

H:\ARCHIVE\txd\pease & curren\Bergevine\Answer.doc