## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No.    05-11395-RCL

PATRICIA BERGEVINE,
　　　　　　　Plaintiff,

v.

PEASE & CURREN, INC, PEASE & CURREN
MATERIALS, INC., FRANCIS H. CURREN, JR.,
ROBERT H. PEASE, JR., FRANCIS H. CURREN,
III A/K/A KIP CURREN AND MEREDITH A.
CURREN.
　　　　　　　Defendants.

---

### PLAINTIFF'S MEMORANDUM OF REASONS IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO COMPEL THE DEFENDANTS' DEPOSITIONS AND ANSWERS TO DISCOVERY REQUESTS

---

### INTRODUCTION

The Defendants are attempting to use the Court's jurisdiction as both a sword and a

shield by moving for a protective order to defer their depositions and avoid providing answers to

interrogatories, while simultaneously conducting the deposition of the Plaintiff and other

witnesses, and requesting Supplemental Answers to Interrogatories, after the Plaintiff has fully

and timely complied with all of the Defendants' discovery requests. The Defendants also appear

to suggest that the current circumstances for which they deem a protective order necessary are

different from the circumstances in place at the outset of this matter. This is not the case. The

Defendants have admittedly been aware from the inception of this matter, and in fact, since the

date their offices were raided in February, 2003, that a criminal investigation by the Rhode

Island State Police is ongoing. By denying any knowledge of the existence of the criminal

investigation in the Defendants' Answer to Plaintiff's Complaint, long after they were aware of

the investigation, the Defendants have waived the right to now seek a protective order based on

the criminal investigation.  In light of the circumstances, the Defendants' Motion for Protective

Order should be denied and the Plaintiff's Cross-Motion to Compel Discovery and for

Attorney's Fees, Expenses and Sanctions should be granted.

## PROCEDURAL HISTORY

On or about July 1, 2005, Plaintiff filed suit against the Defendants Pease & Curren, Inc.,

Pease & Curren Materials, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren,

III a/k/a Kip Curren and Meredith Curren (the "Defendants") for breach of contract,  fraud,

violations of the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. §§

1962(a) and 1962 (c), negligent infliction of emotional distress and intentional infliction of

emotional distress as a result of Defendants' fraudulent conduct and business practices[1].  *See*

Paragraph 3 of the Affidavit of Erin J. Brennan, Esq. (the "Brennan Aff."), filed

contemporaneously herewith.  The Defendants answered Plaintiff's Complaint (the "Defendants'

Answer") on August 9, 2005, denying Plaintiff's allegations.  Brennan Aff., ¶4.  The parties

prepared and submitted a Joint Proposed Scheduling Order to the Court (Lindsay, J.) on

November 30, 2005 and on December 1, 2005, the Court (Lindsay, J.) held a scheduling

conference to determine discovery dates and deadlines.  Brennan Aff., ¶5.

On or about March 1, 2006, the Defendants served the Plaintiff with a Request for

Production of Documents, Interrogatories Propounded to Plaintiff, and Notices of Deposition for

the Plaintiff and two (2) witnesses, Bethany Warburton and Advanced Chemical Company.

---

[1] On or about April 24, 2006, Plaintiff filed a Motion to Amend her Complaint to add a count for Violations of
Mass. Gen. Laws ch. 93A, *et. seq.*  The Motion is currently pending before the Court.

Brennan Aff., ¶6.  On March 10, 2006, the Plaintiff served the Defendants with the following:
Plaintiff's Interrogatories Propounded Upon the Defendants Francis H. Curren, Jr., Francis H.
Curren, III a/k/a Kip Curren, Robert H. Pease, Jr. and Meredith Curren; Plaintiff's Interrogatories
Propounded Upon the Defendant Pease & Curren, Inc.; Plaintiff's Interrogatories Propounded
Upon the Defendant Pease & Curren Materials, Inc.; Plaintiff's Request for Production of
Documents Propounded Upon the Defendants Francis H. Curren, Jr., Francis H. Curren, III a/k/a
Kip Curren, Robert H. Pease, Jr., Meredith Curren, Pease & Curren, Inc. and Pease & Curren
Materials, Inc.; Notice of Deposition of Robert H. Pease, Jr.; Notice of Deposition of Francis H.
Curren, Jr.; Notice of Deposition of Francis H. Curren, III; Notice of Deposition of Meredith
Curren; Notice of Deposition Pursuant to 30(b)(6) of Pease & Curren, Inc.; and Notice of
Deposition Pursuant to 30(b)(6) of Pease & Curren Materials, Inc.  Brennan Aff., ¶7.

The Plaintiff timely responded to all of Defendants' discovery requests, including serving
her Answers to Interrogatories and Responses to Defendants' Document Request on the
Defendants on April 7, 2006[2], serving copies of all relevant documents on the Defendants on
April 11, 2006, and attending her deposition on April 12, 2006.  Brennan Aff., ¶8.
On or about April 11, 2006, counsel for the Defendants requested that Plaintiff supplement her
answers to interrogatories, despite the fact that Defendants' various responses to Plaintiff's
discovery were due on or about April 10, 2006.  Brennan Aff., ¶9.

On April 24, 2006, counsel for the Plaintiff contacted Defendants' Counsel via telephone
to discuss the following issues pursuant to LR, D.MASS. 7.1(A):  i) the Defendants' failure to
provide discovery responses; ii) the Plaintiff's intent to file a Motion to Amend the Complaint;
and iii) to confirm the Defendants' depositions scheduled for Thursday, April 27, 2006 and

Friday, April 28, 2006. Brennan Aff., ¶10. At that time, Defendants' counsel informed

Plaintiff's Counsel that the Defendants were refusing to provide answers to interrogatories and

were refusing to produce the Defendants for their depositions pending the filing of a Motion for a

Protective Order. Brennan Aff., ¶11.

## FACTUAL BACKGROUND

As alleged in Plaintiff's Complaint, the Plaintiff served as an independent contractor for

the Defendants from August, 1996 through December, 2001, and as an employee of the

Defendant Pease & Curren, Inc. from December, 2001 through July, 2002. *See* Plaintiff's

Complaint, dated July 1, 2005 ("Complaint"). In or around June, 2002, the Plaintiff and another

colleague discovered discrepancies between two (2) databases at the Defendants' offices,

indicating the apparent systematic defrauding of the Defendants' customers and employees. *See*

Complaint. In or around July, 2002, the Plaintiff gave her notice to the Defendants and reported

her suspicions and findings to the Federal Bureau of Investigation and, upon the advice of the

FBI, to the Rhode Island State Police ("RISP"). *See* Complaint.

On information and belief, the RISP took on the investigation of the Defendants, and in

or around the first week of February, 2003, the RISP raided the offices of the Defendants

pursuant to a search warrant. On further information and belief, the Defendants were aware that

the RISP took a "mirror" copy of the databases in question and that the RISP would continue to

investigate the allegations.

In Defendants' Answer, the Defendants state in response to Paragraph 37 that "the

Defendants are ... not aware of any presently ongoing investigation...". Paragraph 3 of the

---

[2] Defendants granted Plaintiff a brief extension to serve all discovery responses.

Affidavit of Kevin Bristow (the "Bristow Aff."), filed in support of the Movant Defendants'

Motion for Protective Order, states "[s]ince February, 2003, I have functioned continuously as

the attorney for the above-named defendants in connection with a criminal investigation being

conducted in the State of Rhode Island by the Rhode Island State Police and the Rhode Island

Department of Attorney General".

On or about April 25, 2006, the Movant Defendants filed a Motion for Protective Order

stating that:  "The parties have been informed that this matter has been under investigation by the

Rhode Island State Police" and "with the criminal issues outstanding a decision thereon likely in

the next six (6) months, [the continuing of the Defendants' depositions] .... will prevent any

impending criminal matters from interfering from [*sic*] the current civil proceedings, and will

allow the current civil proceedings to be decided solely upon their merits".

## LEGAL ARGUMENT

I.      **The Court should deny the Defendants' Motion, because the Defendants have failed
        to comply with the procedural requirements for filing the motion and, should the
        Motion be considered, the Defendants have failed to meet the burden imposed by
        Fed.R.Civ.P. Rule 26(c).**

Under Rule 26(c) of the Federal Rules of Civil Procedure, "for good cause shown", a

party may seek a protective order "which justice requires to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense".  The movant must file a

timely motion for a protective order pursuant to Rule 26(c), accompanied by a certification that

the movant has "in good faith conferred or attempted to confer with other affected parties".

In order to establish that "good cause" exists, the party seeking protection bears the

burden of showing that a specific harm will result if a protective order is not granted.  "Broad

allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy

the Rule 26(c) test." *Beckman Industries, Inc. v. International Insurance Company*, 966 F.2d 470, 476 (9th Cir. 1992) *citing Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). "Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id.*

In *Beckman*, the Court ruled that a decision to modify a protective order between an insurer and its insured, in order allow the disclosure of certain deposition transcripts, was proper where the parties had initially entered into a stipulated blanket protective order and where the party opposing the modification failed to make a "showing necessary to justify continued protection of the transcripts". *Id.* at 476. The Court stated that the party opposing the modification "never had to make a 'good cause' showing under Fed.R.Civ.P.26(c) of the need for the protection of the deposition transcripts in the first place" and that it "does [not] allege specific prejudice or harm now". *Id.*

In the instant matter, the Defendants' Motion requests a protective order to "defer for six (6) months the depositions of the defendants' officers and employees". The Defendants also request a protective order "allowing the defendants to defer their ... interrogatory answers for six months". The Defendants failed to file a certification in accordance with Rule 26(b), and the Defendants' Motion seeks relief on behalf of "all of the defendants' officers and employees", but the Movant Defendants are the only Defendants listed on the Motion. The Defendants have filed a two (2) page motion, without a supporting memorandum of reasons, alleging only that the protective order will "prevent any impending criminal matters from interfering from [*sic*] the current civil proceedings and will allow the current civil proceedings to be decided solely on

6

their merits". Like the party opposing the modification of the protective order in *Beckman*, the

Defendants have failed to allege a specific prejudice or harm. The Defendants have stated only a

vague reference to a criminal investigation and have not shown that any specific harm or

prejudice may result from participating in civil discovery. The Defendants have failed to meet

the burden required by Fed.R.Civ.P.26(c) and their Motion for a Protective Order should be

denied.

II.     **The Defendants' Motion should be denied, and the Plaintiff's Motion to Compel and for sanctions be allowed, because the Defendants waived their right to request to defer the depositions and answers to discovery by waiting to file their Motion until the eve of the depositions.**

The proper procedure for invoking privilege against self-incrimination in a civil

proceeding, due to the pendency or possibility of a parallel criminal proceeding, involves the

*timely* filing of a protective order from civil discovery. U.S.C. Const.Amend. 5; Fed.R.Civ.P.

26(c), 28 U.S.C.; *Tona, Inc. v. Evans*, 590 A.2d 873. The *Tona* matter, a Supreme Court of

Rhode Island case decided on federal case law relevant to this action, involves Defendants who

were sued civilly by their former employer for embezzling funds. The *Tona* Defendants sought a

protective order, stating that to require them to produce documents or give depositions would

cause them to waive their Fifth Amendment rights against self-incrimination. *Id.*

The Defendants in *Tona* relied on several federal decisions [*Dienstag v. Bronsen*, 49

F.R.D. 327 (S.D.N.Y.1970); *Perry v. McGuire*, 36 F.R.D. 272 (S.D.N.Y.); *Paul Harrigan &*

*Sons v. Enterprise Animal Oil Co.*, 14 F.R.D. 333 (E.D.Pa.1953); and *National Discount Corp. v.*

*Holzbaugh*, 13 F.R.D. 236 (E.D.Mich.1952)] to put forth the premise that the "proper procedure

for invoking the Fifth Amendment privilege ... [is the] timily filing [of] motions for protective

orders." *Id.* at 876. The *Tona* Court acknowledged that the above-listed federal decisions stand

7

for that premise, but stated that the Defendants' reliance on the federal decisions was misplaced, because "approximately seven weeks passed [between the notice of deposition and the actual deposition]" and "defense counsel made no effort to file Rule 30(b)[3] motions for protective orders". *Id.*

"The fifth amendment privilege is not ordinarily self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened." *United States v. Anderson*, 79 F.3d 1522, 1527 (9th Cir. 1996) *citing United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986). "The Defendant's failure to invoke the privilege against self-incrimination waives a later claim of privilege." *United States v. Anderson*, 79 F.3d 1522 at 1527 *citing United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir. 1987). "An individual may lose the benefit of the privilege inadvertently, without a knowing and intelligent waiver." *United States v. Anderson*, 79 F.3d 1522 at 1527 *citing United States v. Jenkins*, 785 F.2d 1387 at 1393.

In this matter, it appears that Defendants are asking for the protective order due to "criminal issues outstanding" and because "the parties have been informed that this matter has been under investigation by the Rhode Island State Police".  Notwithstanding the foregoing, in Defendants' Answer, the Defendants denied any knowledge of a presently ongoing investigation by the RISP and tacitly stated to the Court, at the scheduling conference, that the Defendants were willing and able to participate in discovery.  In fact, the Defendants collaborated with the Plaintiff to establish the dates and deadlines for the discovery requests and responses in the scheduling order and promptly served the Plaintiff with a request for production of documents and interrogatories, to which the Plaintiff has responded.  To allege now that an ongoing criminal

---

[3] Fed.R.Civ.P. 30(b) was formerly the proper rule for a protective order.  A 1970 amendment to the Federal Rules of Civil Procedure relocated the language relating to protective orders from 30(b) to 26(c).  *See* Fed.R.Civ.P. 26(c) and

investigation precludes the Defendants from participating in any discovery, and yet to simultaneously request that the Plaintiff continue to participate in discovery, is highly prejudicial to the Plaintiff and is only intended to delay the matter without cause.

The Defendants are fully aware, and have at all times been aware, of the investigation by the RISP.  The Defendants' offices were *raided* by the RISP and their computer databases were seized in February, 2003.  In the Affidavit filed in support of the Movant Defendants' Motion for Protective Order, Attorney Kevin Bristow states:  "[s]ince February, 2003, I have functioned continuously as the attorney for the above-named defendants in connection with a criminal investigation being conducted in the State of Rhode Island by the Rhode Island State Police and the Rhode Island Department of Attorney General".  *See* Bristow Aff., ¶3.  By denying knowledge of an ongoing criminal investigation in the Defendants' Answer to Plaintiff's Complaint, and by participating in and providing dates for a scheduling order, the  Defendants have waived their right to utilize the Court's jurisdiction to protect them from participating in discovery.  There has been no change in circumstances with regard to the criminal investigation. On information and belief, the Defendants are aware, and have always been aware, that the RISP was investigating their practices.  On further information and belief, the Defendants have not received any document or other notice which suggests that circumstances have changed since the commencement of this suit.

The Defendants' Motion is also untimely, like the Defendants' Motion in *Tona*, because the Defendants could have moved for a protective order at the outset of the matter, or any time in the last nine (9) months leading up to the date of the first deposition.  Instead, the Defendants waited until two (2) days prior to the depositions of the two (2) Non-Movant Defendants.  The

untimely filing of the Motion for Protective Order is highly prejudicial to the Plaintiff.  As such, Plaintiff respectfully requests that this Honorable Court deny the Movant Defendants' Motion for Protective Order.

**III.**    **Should the Defendants seek privilege against self-incrimination, the Defendants must still respond to each interrogatory and document request, and the Defendants may not avoid answering discovery which may result in a civil, rather than a criminal, penalty.**

Under the Fifth Amendment of the Constitution of the United States, a witness or party may seek privilege against self-incrimination in response to any discovery device if a responsive answer could be used in a criminal prosecution against the witness.  *In re Kave*, 760 F.2d. 343 (1st Cir. Mass. 1985).  However, "a person is not excused from responding to discovery requests merely by declaring that there is a risk of incrimination in doing so".  *Carey v. Rudseal*, 112 F.R.D. 95 (11th Cir. Ga. 1986).  "In order to claim the Fifth Amendment privilege, the individual is required to respond to each interrogatory or document production request under circumstances sufficient to demonstrate that a responsive answer could furnish a link in the chain of evidence needed to prosecute the witness....  [t]he witness also has the burden of showing that an answer could have a real and appreciable tendency to incriminate, not one that is remote or fanciful."  *Brock v. Gerace*, 110 F.R.D. 58 (3rd Cir. N.J. 1986).  *See also Discovery Proceedings in Federal Court*, §29:1 (2006).

In the instant matter, the Defendants have presented to the Court that their depositions and answers to interrogatories should be "deferred" because "this will prevent any impending criminal matters from interfering from [*sic*] the current civil proceedings".  However, at this time, the Defendants have not asserted their Fifth Amendment privilege against self-incrimination and if they should elect to assert same, they must still respond to all of the

10

discovery requests, including providing answers to all interrogatories for which the Fifth

Amendment privilege is not asserted and explanations for the answers for which the privilege is

asserted.  Based on the foregoing, the Defendants have not established that the depositions and

discovery should not go forward in this matter.

     **WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court deny

Defendants' Motion for a Protective Order, allow her Cross-Motion to Compel Discovery and

award all fees and expenses incurred by Plaintiff under Fed.R.Civ.P. 37(a)(4).


           Respectfully submitted,
           PATRICIA BERGEVINE,
           By her attorneys,


           /s/ Gregory J. Aceto___
           Gregory J. Aceto, Esq.
            BBO No. 558556
           Erin J. Brennan, Esq.
            BBO No. 660097
           Johnson & Aceto, LLP
           67 Batterymarch Street, Suite 400
           Boston, MA 02110
           (617) 728-0888