UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05 11395 RCL

PATRICIA BERGEVINE,

    **Plaintiff**

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., FRANCIS H.
CURREN, III A/K/A KIP CURREN, AND
MEREDITH CURREN

    **Defendants**

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.    Introduction**

The plaintiff in the above-captioned matter has filed a motion to amend her complaint to add a claim under MASS. GEN. L. ch. 93A, et seq., the Massachusetts unfair trade practices statute. The defendants respectfully oppose the motion on the grounds that by its terms, the unfair trade practices statute applies only where the alleged misconduct occurred "primarily and substantially" in the Commonwealth. Because here, the alleged misconduct occurred entirely in Rhode Island, Chapter 93A does not apply and the plaintiff's motion should be denied.

**II.    Relevant Facts**

In support of this Opposition, the defendants state as follows:

1.    Plaintiff filed suit in the United States District Court for the District of Massachusetts against Pease & Curren, Inc., a metal refining business, Pease & Curren Material, Inc., a now defunct company that previously owned some of Pease & Curren, Inc.'s inventory, and former and current

owners of Pease & Curren, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr. Francis H. Curren, III, a/k/a Kip Curren, and Meredith Curren.

    2.    Plaintiff filed suit against the defendants alleging that they engaged in impropriety and failed to pay her the correct amount of her sales commissions while she was working as an independent contractor and later, while employed by the defendant, Pease and Curren, Inc. See, Proposed First Amended Complaint at p. 1, p. 10, ¶ 10. Plaintiff alleges that the defendants systematically defrauded her and the defendants' clients by misrepresenting the amounts of metals refined on the lots received. See, Id., p. 5, ¶ 32. She claims that by preparing false reports and paying lower commissions to the plaintiff upon the numbers reported in the falsified records, defendants derived income from the additional metals refined. See, Id., p. 6, ¶ 33. The defendants have denied plaintiff's allegations and deny that there was any wrongdoing or improper conduct on their behalf.

    3.    Pease and Curren, Inc. is located at 75 Pennsylvania Avenue, Warwick, Rhode Island. See, Id., p. 2, ¶ 2. Pease & Curren Materials was located and the same address. See, Id., p. 2, ¶ 3. Francis H. Curren, Jr., Robert H. Pease, Jr. Francis H. Curren, III, a/k/a Kip Curren, and Meredith Curren are residents of Rhode Island. See, Id., p. 2, ¶¶ 4, 5, 6 & 7.

    4.    The plaintiff commenced this action, in part, under the Court's diversity jurisdiction, 28 U.S.C. § 1332, on the basis that plaintiff is a resident of Massachusetts, and each of the defendants, is located in, incorporated in, and/or resides in Rhode Island. See, Id., p. 2, ¶ 8.

    5.    Following the alleged events, the plaintiff went to the FBI to file a complaint, and the FBI allegedly referred the matter to the Rhode Island State Police. See, Proposed First Amended Complaint, p. 2, ¶¶ 34 & 38.

    6.    According to plaintiff's proposed First Amended Complaint, all of the alleged misconduct occurred in the course of defendants conducting their business at the Pease & Curren

facility in Warwick, Rhode Island. See, Proposed First Amended Complaint. Each of plaintiff's causes of action is based on misconduct which defendants allegedly committed at the Pease & Curren facility in Warwick, Rhode Island. See, Proposed First Amended Complaint. Nowhere in the proposed First Amended Complaint does plaintiff claim that any of the alleged misconduct occurred in Massachusetts. See, Proposed First Amended Complaint.

**III.   Argument**

Plaintiff seeks to add a claim under MASS. GEN. L. ch. 93A, , et seq. alleging that defendants engaged in unfair and deceptive acts and practices in violation of MASS. GEN. L. ch. 93A, , et seq.

MASS. GEN. L. ch. 93A,  states in relevant part that "[n]o action shall be brought or maintained under this section *unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within Massachusetts.*" MASS. GEN. L. ch. 93A, § 11  (Emphasis added). To determine whether the alleged unfair or deceptive act or practice occurred primarily and substantially within Massachusetts, thereby entitling a plaintiff to assert a claim under the Massachusetts unfair trade practices statute, the court must determine "whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." Kuwaiti Danish Computer Co. v. Digital Equipment Corporation, 438 Mass. 459, 473 (2003). Where, as here, "the conduct that can be said to be unfair or deceptive" occurred in a state other than Massachusetts, plaintiff's 93A claim should be dismissed. Id. at 475. There is a "general policy behind 93A of protecting against only those deceptions that occur within the Commonwealth. . . " Henry v. National Geographic Society and NGE, 147 F.Supp.2d 16, 23 (D. Mass 2001).

The First Circuit has set forth three factors to determine whether the alleged behavior occurred primarily and substantially in Massachusetts: "(1) where the defendant committed the deception; (2) where the plaintiff was deceived; and (3) the situs of the plaintiff's losses due to the deception." Clinton Hops. Ass'n v. Corson Group, Inc., 907 F.2d 1260, 1265-66 (1st Cir. 1990). When the place of injury, however, "is the only factor weighing in favor of a claimant, the admonition of Massachusetts courts that liability under chapter 93A is not to be imposed lightly is particularly relevant." Roche v. Royal Bank of Canada, 109 F.3d 820, 831 (1st Cir. 1997), quoting Central Mass. Television, Inc. v. Amplicon, Inc., 930 F.Supp. 16, 27 (D.Mass. 1996). "Something more than a Massachusetts' plaintiff is required to invoke the provisions of Chapter 93A." American Management Serv., Inc. v. George S. May Int'l Co., 933 F.Supp. 64, 67 (D. Mass. 1996).

Here, the conduct which plaintiff alleges was unfair and deceptive, occurred at the Pease & Curren facility in Rhode Island. According to plaintiff's proposed First Amended Complaint, plaintiff's action, arises from defendants' "fraudulent business practices committed during the Plaintiff Patricia Bergevine's [] employment with the Defendants." See, Proposed First Amended Complaint, at p.1. The defendants operated their business in Rhode Island. The alleged assaying of the metals, the alleged falsification of records, and the defendants' alleged systematic lowering of the reported weights and percentage of metals all occurred in Rhode Island. See, Proposed First Amended Complaint, p. 5 ¶¶ 30, 32, 33. As alleged in the proposed First Amended Complaint, the defendants' fraudulent activities, breach of employment contract, infliction of emotional distress and unfair business practices, all allegedly occurred in Rhode Island. Nowhere in the proposed First Amended Complaint does plaintiff claim the alleged misconduct occurred in Massachusetts. By no stretch of the imagination can it be said that the defendants' alleged misconduct occurred "primarily

4

and substantially" in Massachusetts and as such, plaintiff may not bring a claim under MASS. GEN. L. ch. 93A, et seq.

### IV.    Conclusion

Not only did the alleged misconduct not occur "primarily and substantially" in the Commonwealth, according to the proposed First Amended Complaint, none of the alleged misconduct occurred in the Commonwealth. The alleged misconduct occurred entirely in Rhode Island. Accordingly, under the unambiguous wording of the statute itself, and the case law interpreting that statutory language, plaintiff may not invoke the Massachusetts unfair trade practices statute. The alleged misconduct of which plaintiff complains did not occur "primarily and substantially" in the Commonwealth, but instead occurred entirely in another state. Hence Chapter 93A does not apply and the plaintiff's motion should be denied.

**WHEREFORE**, the defendants respectfully request that the Court deny plaintiff's motion for leave to amend her complaint to add a claim under MASS. GEN. L. ch. 93A, et seq.

Respectfully submitted,

Pease & Curren, Inc., Pease & Curren Materials, Inc., Francis H. Curren, III A/K/A Kip Curren, and Meredith Curren,

By their Attorneys,

*/s/ Joseph H. Aronson*
*/s/ Laura G. Ryan*
Joseph H. Aronson, BBO # 022070
Laura G. Ryan, BBO # 653793
THE McCORMACK FIRM, LLC
One International Place
Boston, MA 02110
(617) 951-2929

## CERTIFICATE OF SERVICE

      I, Joseph H. Aronson, hereby certify that on May 2, 2006, the foregoing document, Defendants' Opposition to Plaintiff's Motion to Amend Complaint, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

> *Gregory Aceto, Esq.*
> *Johnson & Aceto, PC*
> *67 Batterymarch Street*
> *Boston, MA  02210*

      In addition, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Amend Complaint was served via first class mail on May 2, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

> *Bruce Gladstone, Esq.*
> *Cameron & Mittleman, LLP*
> *56 Exchange Terrace, Suite 2*
> *Providence, RI  02903-1766*

                                          /s/ Joseph H. Aronson
                                            Joseph H. Aronson

84083.1