UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No.  05 11395 RCL

PATRICIA BERGEVINE,
        Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., ROBERT H.
PEASE, JR., FRANCIS H. CURREN, JR.,
FRANCIS H. CURREN, III A/K/A KIP
CURREN, AND MEREDITH CURREN
        Defendants

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S TAX RETURNS

Now comes the defendants and respectfully request that this Honorable Court order the plaintiff, Patricia Bergevine, to produce to the defendants her state and federal tax returns, including her W-2s, for the period January 1, 1996 to 2002.  Because plaintiff claims lost commissions and earnings in her complaint, she has put her income at issue.  Accordingly,  the defendants assert that the above records are relevant to the plaintiff's claim of loss of earnings allegedly caused by the defendants.  Furthermore, plaintiff has made very serious allegations of wrongdoing and criminal misconduct against defendants, which allegations defendants strenuously deny.  Accordingly, plaintiff's credibility is also at issue, and therefore the tax returns are relevant for that reason as well.

## Background

This action arises out of claims by plaintiff against her former employer, Pease & Curren, a precious metal refining business.  Plaintiff alleges that from 1996 to 2002 she worked as a salesperson for Pease & Curren's dental customers.  According to the complaint, her primary

2

responsibility was to solicit business from dental laboratories and clients who would submit their metal scraps to Pease & Curren for refining.  The plaintiff claims she received a base pay plus commissions on her sales to the dental laboratories and other clients based upon the weight of the metal resulting after the refining process.  According to the plaintiff, a co-worker, Bethany Warburton, learned in June, 2002, that Pease & Curren was allegedly maintaining two data bases regarding the amounts of metals that were refined.  She claims that one of the data bases represented the actual amount of the metal that was refined.  However, she claims that this was not the amount used in paying the customer or for calculating her commission.  She alleges that a second data base existed, with systematically lower amounts, and that this was used to calculate the amount due to the customer and to the plaintiff for her commissions.  As a result of the alleged improprieties of the defendants, the plaintiff claims that she lost $150,000 in commissions on her sales.

Plaintiff claims that as a result of the alleged misconduct, she resigned from Pease & Curren.  Upon leaving, she and Ms. Warburton formed their own company, the purpose of which was to solicit business from dental laboratories and clients who would submit their metal scraps for refining.   It is defendants' position that Ms. Bergevine and Ms. Warburton left the employment of Pease & Curren not because of any alleged misconduct, but because they to start their own business to compete with Pease & Curren, and to take Pease & Curren's customers.

**The Request for Tax Returns**

On or about March 6, 2006, the defendants propounded a first request for production of documents to plaintiff, Patricia Bergevine, requesting copies of her state and federal tax returns, including W-2 forms for the years 2000 to the present.  See, Exhibit A to Affidavit of Laura Ryan (Defendants' Requests for Production of Documents).  On April 5, 2006, the plaintiff served her responses, objecting to the request for the tax returns and W-2s on the ground that the request was overly broad, unduly burdensome, sought information which was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and further, on the ground the

3

information was privileged.  <u>See</u> Exhibit B to Affidavit of Laura Ryan (Response of Plaintiff Patricia Bergevine to Defendants' Requests for Production of Documents).

The defendants have since attempted to modify their request to seek only the state and federal returns for the period 1996 to 2002.  Plaintiff, however, has refused to provide her returns for this period of time.  <u>See</u>, Affidavit of Laura Ryan.  The defendants now move to compel production of plaintiff's state and federal tax returns,  including W-2 forms, for the years 1996 to 2002.

<u>**ARGUMENT**</u>

**A.    Defendants' Request Is Reasonably Limited in Time and Scope and Is Not    Overly Broad or Unduly Burdensome**

As noted above, the defendants' request seeks plaintiff's federal and state tax returns, including her W-2s, for the period 2000 to the present.  Defendants have since modified their request to seek only the tax returns including W-2s, for the period 1996 to 2002.  This four year period is more than reasonable in time and would simply require the plaintiff to produce her tax returns and W-2s for these years.  Thus, contrary to plaintiff's objection, under no circumstances can this request be considered "overly broad" or "unduly burdensome."

**B.    The request seeks relevant information which is reasonably calculated to lead to the discovery of admissible evidence.**

Plaintiff also objects to the request on the ground that the requested information is neither relevant nor likely to lead to the discovery of admissible evidence.  A review of the plaintiff's specific claims, however, reveals that the requested information is directly relevant to plaintiff's claims against the defendants.  Plaintiff claims that she was earning an average of $100,000 per year her last few years at Pease & Curren, and claims $150,000 in lost earnings for the years 1996 to 2002 as a result of defendants' alleged misconduct.  Because plaintiff's tax returns will assist the defendants in determining whether plaintiff's alleged damages and claim for lost earnings are accurate, the requested information is highly relevant.  The defendants do not have plaintiff's

4

settlement reports for most of these years.  The tax returns will also provide information whether the plaintiff was earning income from companies other than the defendants, and whether she and her partner actively engaged in an effort to start their own business in 2002.

Additionally, in her complaint, plaintiff has made very serious allegations that defendants falsely undercalculated the weights and percentage of metals recovered on the accounts that she worked in order to defraud her, defendants' clients and defendants' employee.  Defendants flatly deny these allegations.  It is defendants' position that Ms. Bergevine and her partner left the employment of Pease & Curren not because of any alleged misconduct, but to start their own business to compete with Pease & Curren.  Thus, there is an issue with respect to plaintiff's credibility and whether plaintiff accurately reported all income she received.  Clearly, the information contained in the tax returns would also be relevant to plaintiff's credibility.

### C.    Plaintiff's Tax Returns Are Discoverable

Plaintiff further claims that her tax returns are not discoverable because they are privileged.  This is incorrect.  Under the federal rules and case law interpreting those rules, "[t]ax returns are subject to discovery as long as they are relevant to the subject matter of the action." Halperin v. Berlandi, 114 F.R.D. 8, 11 (D. Mass. 1986).  Moreover, where, as here, "a party has put in issue the amount of his income, that party's tax returns or reasonable substitutes are discoverable." Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 43, citing Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30, 32 (D.Mass. 1985).  Here, plaintiff has clearly put her earnings at issue by claiming lost commissions, and as such, under the above authority, her tax returns are discoverable.

### CONCLUSION

For the foregoing reasons,  the defendants respectfully request that the plaintiff, Patricia

5

Bergevine, be ordered to produce her state and federal tax returns for the period 1996 to 2002, as modified by defendants.

Defendants, By their Attorneys,

/s/ Joseph H. Aronson
/s/ Laura G. Ryan
Joseph H. Aronson [BBO #022070]
Laura G. Ryan [BBO #653793]
THE McCORMACK FIRM, LLC
One International Place
Boston, MA 02110
(617) 951-2929

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred with Counsel for Plaintiff in good faith to resolve or narrow these issues pursuant to LR 7.1(A)(2).

_____
/s/ Laura G. Ryan

6

## CERTIFICATE OF SERVICE

I, Laura G. Ryan, hereby certify that on September 20, 2006, the foregoing document, Defendants' Motion to Compel Production of Plaintiff's Tax Returns, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

> *Gregory Aceto, Esq.*
> *Johnson & Aceto, PC*
> *67 Batterymarch Street*
> *Boston, MA  02210*

In addition, a copy of the foregoing Defendants' Motion to Compel Production of Plaintiff's Tax Returns was served via first class mail on September 20, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

> *Bruce Gladstone, Esq.*
> *Cameron & Mittleman, LLP*
> *56 Exchange Terrace, Suite 2*
> *Providence, RI  02903-1766*

/s/ Laura G. Ryan
Laura G. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11395 RCL

PATRICIA BERGEVINE,
        Plaintiff,

v.

PEASE & CURREN, INC.,
PEASE & CURREN MATERIALS, INC.,
ROBERT H. PEASE, JR., FRANCIS H.
CURREN, JR., FRANCIS H. CURREN III
A/K/A KIP CURREN, AND MEREDITH
CURREN,
        Defendants.

## PLAINTIFF PATRICIA BERGEVINE'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, the Plaintiff

Patricia Bergevine hereby responds to Defendants [1] Pease & Curren, Inc., Pease & Curren

Materials, Inc., Francis H. Curren III a/k/a Kip Curren and Meredith Curren's (the "Defendants")

First Rule 34 Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.    The Plaintiff objects to the production of any documents which are otherwise subject to

attorney-client privilege, the attorney work-product doctrine or which have been prepared

in anticipation of litigation.

2.    The Plaintiff objects to the overly broad and unduly burdensome nature of the requests

---

[1] Two (2) additional defendants, Robert H. Pease, Jr. and Francis H. Curren, Jr., were omitted from the Defendants' caption and are not listed on the Defendants' Interrogatories Propounded to Plaintiff.

for production of documents.

**RESPONSES**

**REQUEST NO. 1**

A copy of your current resume or curriculum vitae.

**RESPONSE NO. 1**

The Plaintiff does not have any responsive documents in her possession, custody or

control.

**REQUEST NO.** 2

Any and all documents supporting your allegation in your complaint that defendants
"were systematically lowering the reported weights and percentages of metals recovered to
defraud their clients, employees and plaintiffs."

**RESPONSE NO.** 2

Please see documents attached hereto at *Tab 1*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 3**

Any and all documents supporting your allegation in your complaint that defendants
defrauded you by failing to pay "commission in the approximate amount of One Hundred Fifty
Thousand Dollars ($150,000)."

**RESPONSE NO. 3**

Please see documents attached hereto at *Tab 1*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 4**

Any and all documents supporting your allegation in your complaint that defendants
defrauded you by failing to pay "commission in the approximate amount of One Hundred Fifty

Thousand Dollars ($150,000)."

**RESPONSE NO. 4**

     Please see documents attached hereto at *Tab I.* The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 5**

     Any and all documents supporting your allegation in your complaint that defendants
"invested some part of the fraudulently derived income into the business in which they are
currently engaged, i.e. the business of refining metals, and into other enterprises."

**RESPONSE NO. 5**

     Please see documents attached hereto at *Tab I.* The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 6**

     Any and all documents supporting your allegation in your complaint that defendants
breached your employment agreement "by systematically defrauding [you result in your] being
paid less than the amount called for by the Contract."

**RESPONSE NO. 6**

     Please see documents attached hereto at *Tab I.* The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 7**

     Any and all documents supporting you allegation in your complaint that defendants
"materially misrepresented certain facts to [you] regarding the amounts of metals recovered,
thereby causing [you] to base [your] invoices for payment upon falsified reports."

**RESPONSE NO. 7**

     Please see documents attached hereto at *Tab 1.* The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 8**

Any and all documents supporting you allegation in your complaint that for the year 2002 your "annual compensation would have been One Hundred Thousand ($100,000) Dollars."

**RESPONSE NO. 8**

Please see documents attached hereto at *Tab 2*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 9**

Any and all documents including correspondence, e-mails or notes prepared by you and/or Bethany Warburton from March 2002 to the present regarding your departure from Pease & Curren sent to anyone.

**RESPONSE NO. 9**

The Plaintiff objects to this request on the grounds that it is overly broad and unduly

burdensome. The Plaintiff further objects to this request on the grounds that certain records, if in

existence, are privileged. Subject to and without waiving the foregoing, the Plaintiff hereby

responds as follows: The Plaintiff does not have any responsive documents in her possession,

custody or control. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO. 10**

Any and all documents including correspondence and/or e-mails from you and/or Bethany Warburton regarding Pease & Curren sent to former, current or potential dental scrap customers.

**RESPONSE NO. 10**

The Plaintiff objects to this request on the grounds that it is overly broad and unduly

burdensome. Subject to and without waiving the foregoing, the Plaintiff hereby responds as

follows: The Plaintiff does not have any responsive documents in her possession, custody or

control. The Plaintiff reserves the right to seasonably supplement this response.

4

**REQUEST NO. 11**

Any documents evidencing or relating to the Pease & Curren data base of raw data for its dental scrap business.

**RESPONSE NO. 11**

Please see documents attached hereto at *Tab 1*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 12**

Any documents evidencing or relating to the data base of settlement data for dental scrap business.

**RESPONSE NO. 12**

Please see documents attached hereto at *Tab I*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 13**

Any and all documents including e-mails or correspondence between you and anyone from Advanced Chemicals from August of 1996 until the date you began working for Advanced Chemicals.

**RESPONSE NO. 13**

The Plaintiff objects to this request on the grounds that it is overly broad and unduly

burdensome. Subject to and without waiving the foregoing, the Plaintiff hereby responds as

follows: The Plaintiff does not have any responsive documents in her possession, custody or

control.

**REQUEST NO. 14**

Any pay stubs or other documents evidencing any wages paid to you by Pease & Curren.

**RESPONSE NO. 14**

Please see documents attached hereto at *Tab2* and *3*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 15**

All correspondence, notes, statements or other documents evidencing any
communications that you or your representatives had with any person regarding the facts and
circumstances alleged in your complaint.

**RESPONSE NO. 15**

Please see documents attached hereto at *Tab 4*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 16**

Any and all recordings, videos, digital images or photographs in any way relating to the
facts and circumstances alleged in your complaint.

**RESPONSE NO. 16**

The Plaintiff does not have any responsive documents in her possession, custody or

control.

**REQUEST NO. 17**

Any and all documents or correspondence evidencing any complaints that you made to
any person or any entity regarding the facts and circumstances alleged in your complaint.

**RESPONSE NO. 17**

Please see documents attached hereto at *Tab 4*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO. 18**

Any correspondence, notes, statements or other documents or recordings or videos
involving any communications between you or your representatives and the Rhode Island Police

Department or Federal Bureau of Investigation or other law enforcement agency regarding Pease & Curren.

**RESPONSE NO. 18**

The Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. The Plaintiff further objects to this request on the grounds that certain records, if in existence, are privileged. Subject to and without waiving the foregoing, the Plaintiff hereby responds as follows: Please see documents attached hereto at *Tab 4*. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO. 19**

Any correspondence, notes, statements or other documents or recordings or videos involving any communications between Bethany Warburton or her representatives and the Rhode Island Police Department or Federal Bureau of Investigation or other law enforcement agency regarding Pease & Curren.

**RESPONSE NO. 19**

The Plaintiff does not have any responsive documents in her possession, custody or control. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO.20**

Any and all documents evidencing or relating to any damages allegedly suffered by you as a result of the events set forth in your complaint.

**RESPONSE NO.20**

Please see documents attached hereto at *Tabs 1-4.*

**REQUEST NO. 21**

Any and all documents, reports and/or recordings containing statements of any agent, servant or employee of Pease & Curren or Advance Chemicals concerning the events alleged in your complaint.

**RESPONSE NO. 21**

      The Plaintiff does not have any responsive documents in her possession, custody or

control. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO.22**

      Copies of your state and federal income tax returns, including W-2 forms, for the years
2000 to the present.

**RESPONSE NO.22**

      The Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further

objects on grounds that the information sought is privileged.

**REQUEST NO.23**

      Any diaries, journals, calendars, notes or other similar documents that you kept or
maintained during your employment at Pease & Curren and/or Advanced Chemicals.

**RESPONSE NO.23**

      The Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further

objects on grounds that the information sought is privileged. Subject to and without waiving the

foregoing, the Plaintiff hereby responds as follows: The Plaintiff does not have any responsive

documents in her possession, custody or control.

**REQUEST NO. 24**

      Any and all documents, including copies of e-mails, that you printed, downloaded, e-
mailed, or otherwise attempted to preserve from your personal computer or your computer at
Pease & Curren from any time during your employment, or prior to or following your departure
from Pease & Curren's employment relating to the events alleged in your complaint.

**RESPONSE NO. 24**

The Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further objects on grounds that the information sought is privileged. Subject to and without waiving the foregoing, the Plaintiff hereby responds as follows: The Plaintiff does not have any responsive documents in her possession, custody or control.

**REQUEST NO.25**

Copies of all records relating to any treatment that you received from any physician, psychiatrist, psychologist, counselor, social worker or other provider as a result of the occurrences referred to in your complaint.

**RESPONSE NO.25**

The Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further objects on grounds that the information sought is privileged. Subject to and without waiving the foregoing, the Plaintiff hereby responds as follows: The Plaintiff does not have any responsive documents in her possession, custody or control. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO.26**

All bills or medical, psychiatric, psychological or other treatment that you received as a result of the occurrences alleged in your complaint.

**RESPONSE NO.26**

The Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further objects on grounds that the information sought is privileged. Subject to and without waiving the

9

foregoing, the Plaintiff hereby responds as follows: The Plaintiff will produce any responsive

documents in her possession, custody or control. The Plaintiff reserves the right to seasonably

supplement this response.

**REQUEST NO.27**

      Any and all documents evidencing or relating to the allegation that "Defendants negligently and carelessly maintained, supervised and operated the business practices of Pease & Curren."

**RESPONSE NO.27**

      Please see documents attached hereto at *Tabs 1-4.*

**REQUEST NO.28**

      Any and all documents evidencing or relating to the allegation that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

**RESPONSE NO.28**

      Please see documents attached hereto at *Tabs 1-4.*

**REQUEST NO.29**

      Any and all documents evidencing or relating to the allegation that defendants "negligently represented the terms of the plaintiff's employment and the total amounts of weights refined upon which plaintiff relied."

**RESPONSE NO.29**

      Please see documents attached hereto at *Tabs 1-4.*

**REQUEST NO. 30**

      Any and all documents evidencing or relating to the allegation that defendants' alleged "breach of duty to conduct their business in accordance with state and federal laws has caused the Plaintiff to experience emotional distress and physical harm."

**RESPONSE NO. 30**

      Please see documents attached hereto at *Tabs 1-4.* The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO.31**

Copies of any and all pay stubs that you received from any employer after leaving the employ of Pease & Curren.

**RESPONSE NO.31**

The Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further objects on grounds that the information sought is privileged.

**REQUEST NO.32**

Any and all documents evidencing or relating to the allegation that you "suffered a racketeering injury by reason of the Defendants' pattern of racketeering behavior."

**RESPONSE NO.32**

Please see documents attached hereto at *Tabs 1-4.* The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO.33**

Any and all documents evidencing or relating to defendants' business practices in managing their dental scrap business.

**RESPONSE NO.33**

Please see documents attached hereto at *Tabs 1-4.* The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO. 34**

Any and all documents or photographs or digital images regarding the allegedly "fraudulent documentation" referred to in paragraph 34 of your complaint including, but not limited to, copies and/or originals of the allegedly fraudulent documentation.

**RESPONSE NO. 34**

      Please see documents attached hereto at *Tab 1*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO.35**

      Any and all documents or photographs or digital images regarding the allegedly "falsified
reports" referred to in paragraph 51 of your complaint including, but not limited to, copies and/or
originals of the allegedly falsified reports.

**RESPONSE NO.35**

      Please see documents attached hereto at *Tab 1*. The Plaintiff reserves the right to

seasonably supplement this response.

**REQUEST NO.36**

      To the extent not produced in response to the preceding requests, your complete file and
all documents maintained by you concerning Pease & Curren.

**RESPONSE NO.36**

      The Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further

objects on grounds that the information sought is privileged. Subject to and without waiving the

foregoing, the Plaintiff responds as follows: Please see documents attached hereto at *Tabs 1-4*

and *Tab 5*. The Plaintiff reserves the right to seasonably supplement this response.

**REQUEST NO.37**

      To the extent not produced in response to the preceding requests, all documents or other
materials of any kind that you took when you left Pease & Curren.

**RESPONSE NO.37**

      Other than the documents produced herein, the Plaintiff does not have any such

documents in her possession, custody or control.

**REQUEST NO.38**

Any employment contracts that you entered into with Advanced Chemicals.

**RESPONSE NO.38**

The Plaintiff objects to this request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence. The Plaintiff further

objects on grounds that the information sought is privileged. Subject to and without waiving the

foregoing, the Plaintiff responds as follows: The Plaintiff does not have any responsive

documents in her possession, custody or control.

**REQUEST NO.39**

Copies of any and all employee handbooks, manuals or guidelines, relating to your
employment at Pease & Curren.

**RESPONSE NO.39**

The Plaintiff does not have any responsive documents in her possession, custody or

control.

> Respectfully submitted,
> PATRICIA BERGEVINE,
> By her attorneys,
>
> _____
> Gregory . Aceto, Esq.
>   (BBO #558556)
> Erin J. Brennan, Esq.
>   (BBO #660097)
> JOHNSON & ACETO, LLP
> 67 Batterymarch Street, Suite 400
> Boston, MA 02110

Dated:  4 - "}ʳʳ Zel)                                    (617) 728-0888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No.  05 11395 RCL

PATRICIA BERGEVINE,
      Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., FRANCIS H.
CURREN, III A/K/A KIP CURREN, AND
MEREDITH CURREN
      Defendants

**AFFIDAVIT OF LAURA RYAN IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S TAX RETURNS**

    I, Laura Ryan, hereby state, under oath, the following:

1.    I am a member in good standing of the Bar of the Commonwealth of Massachusetts.
I am an attorney at the law firm of the McCormack Firm, LLC, and represent the defendants in the above-captioned action.

2.    On September 14, 2006, I conferred with plaintiff's counsel, Erin Brennan, regarding her client's refusal to produce the requested tax returns for the period 2000 to the present.  Ms. Brennan indicated that plaintiff would not change her position on this issue.  On September 20, 2006, I again conferred with Ms. Brennan, modifying the request to include only those tax returns for the period 1996 to 2002.  Ms. Brennan stated that her client would not be producing these documents.

3.    Attached hereto as Exhibit A is a true and accurate copy of Defendants' Requests for Production of Documents.

4.    Attached hereto as Exhibit B is a true and accurate copy of (Response of Plaintiff Patricia Bergevine to Defendants' Requests for Production of Documents.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 20th DAY OF September, 2006.**

/s/ Laura G. Ryan

2

**CERTIFICATE OF SERVICE**


I, Laura G. Ryan, hereby certify that on September 20, 2006, the foregoing document, Affidavit of Laura Ryan in Support of Defendants' Motion to Compel Production of Plaintiff's Tax Returns, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

*Gregory Aceto, Esq.*
*Johnson & Aceto, PC*
*67 Batterymarch Street*
*Boston, MA  02210*


In addition, a copy of the foregoing Affidavit of Laura Ryan in Support of Defendants' Motion to Compel Production of Plaintiff's Tax Returns was served via first class mail on September 20, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

*Bruce Gladstone, Esq.*
*Cameron & Mittleman, LLP*
*56 Exchange Terrace, Suite 2*
*Providence, RI  02903-1766*

/s/ Laura G. Ryan
Laura G. Ryan

89217.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  05 11395 RCL

PATRICIA BERGEVINE,

        Plaintiff

v.

PEASE & CURREN, INC.,
PEASE & CURREN MATERIALS, INC.,
FRANCIS H. CURREN, III A/K/A KIP
CURREN, AND MEREDITH CURREN,

        Defendants

## DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF, PATRICIA BERGEVINE

The defendants PEASE & CURREN, INC., PEASE & CURREN MATERIALS, INC., FRANCIS H. CURREN, III A/K/A KIP CURREN, AND MEREDITH CURREN, (collectively referred to as "Pease & Curren" or "defendants")  hereby request that the Plaintiff Patricia Bergevine produce for inspection and copying the within materials pursuant to Rule 34 of the Fed. R. Civ. P., said materials to be produced at the offices of The McCormack Firm, One International Place, 7th Floor, Boston, Massachusetts 02110, within thirty (30) days of service hereof.

## REQUEST NO. 1

A copy of your current resume or curriculum vitae.

## REQUEST NO. 2

Any and all documents supporting your allegation in your complaint that defendants "were systematically lowering the reported weights and percentages of metals recovered to defraud their clients, employees and plaintiffs."

2

**REQUEST NO. 3**

Any and all documents supporting your allegation in your complaint that defendants defrauded you by failing to pay "commission in the approximate total amount of One Hundred Fifty Thousand Dollars ($150,000)."

_____

**REQUEST NO. 4**

Any and all documents supporting your allegation in your complaint that defendants defrauded you by failing to pay "commission in the approximate total amount of One Hundred Fifty Thousand Dollars ($150,000)."

**REQUEST NO. 5**

Any and all documents supporting your allegation in your complaint that defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged, i.e., the business of refining metals, and into other enterprises."

**REQUEST NO. 6**

Any and all documents supporting your allegation in your complaint that defendants breached your employment agreement "by systematically defrauding [you resulting in your] being paid less than the amount called for by the Contract."

**REQUEST NO. 7**

Any and all documents supporting your allegation in your complaint that defendants "materially misrepresented certain facts to [you] regarding the amounts of metals recovered, thereby causing [you] to base [your] invoices for payment upon falsified reports;"

**REQUEST NO. 8**

Any and all documents supporting your allegation in your complaint that for the year 2002, your "annual compensation would have been One Hundred Thousand Dollars ($100,000)."

**REQUEST NO. 9**

Any and all documents including correspondence, e-mails or notes prepared by you and/or Bethany Warburton from March 2002 to the present regarding your departure from Pease & Curren sent to anyone.

**REQUEST NO. 10**

Any and all documents including correspondence and/or e-mails from you and/or Bethany Warburton regarding Pease & Curren sent to former, current or potential dental scrap customers.

**REQUEST NO. 11**

Any documents evidencing or relating to the Pease & Curren data base of raw data for its dental scrap business.

**REQUEST NO. 12**

Any documents  evidencing or relating to the data base of settlement data for dental scrap business.

**REQUEST NO. 13**

Any and all documents including any e-mails or correspondence between you and any one from Advanced Chemicals from August of 1996 until the date you began working for Advanced Chemicals.

**REQUEST NO. 14**

Any pay stubs or other documents evidencing any wages paid to you by Pease & Curren.

**REQUEST NO. 15**

All correspondence, notes, statements or other documents evidencing any communications that you or your representatives had with any person regarding the facts and circumstances alleged in your complaint.

4

**REQUEST NO. 16**

Any and all recordings, videos, digital images or photographs in any way relating to the facts and circumstances alleged in your complaint.

**REQUEST NO. 17**

Any and all documents or correspondence evidencing any complaints that you made to any person or any entity regarding the facts and circumstances alleged in your complaint.

**REQUEST NO. 18**

All correspondence, notes, statements or other documents or recordings or videos involving any communications between you or your representatives and the Rhode Island Police Department or Federal Bureau of Investigation or other law enforcement agency regarding Pease & Curren.

**REQUEST NO. 19**

All correspondence, notes, statements or other documents or recordings or videos involving any communications between Bethany Warburton or her representatives and the Rhode Island Police Department or Federal Bureau of Investigation or other law enforcement agency regarding Pease & Curren.

**REQUEST NO. 20**

Any and all documents evidencing or relating to any damages allegedly suffered by you as a result of the events set forth in your complaint.

**REQUEST NO. 21**

Any and all documents, reports and/or recordings containing statements of any agent, servant or employee of Pease & Curren or Advance Chemicals concerning the events alleged in your complaint.

**REQUEST NO. 22**

Copies of your state and federal income tax returns, including W-2 forms, for the years 2000 to the present.

**REQUEST NO. 23**

Any diaries, journals, calendars, notes or other similar documents that you kept or maintained during your employment at Pease & Curren and/or Advanced Chemicals.

**REQUEST NO. 24**

Any and all documents, including copies of e-mails, that you printed, downloaded, e-mailed, or otherwise attempted to preserve from your personal computer or your computer at Pease & Curren from any time during your employment, or prior to or following your departure from Pease & Curren's employment relating to the events alleged in your complaint.

**REQUEST NO. 25**

Copies of all records relating to any treatment that you received from any physician, psychiatrist, psychologist, counselor, social worker or other provider as a result of the occurrences referred to in your complaint.

**REQUEST NO. 26**

All bills for any medical, psychiatric, psychological or other treatment that you received as a result of the occurrences alleged in your complaint.

**REQUEST NO. 27**

Any and all documents evidencing or relating to the allegation that "Defendants negligently and carelessly maintained, supervised and operated the business practices of Pease & Curren."

6

**REQUEST NO. 28**

Any and all documents evidencing or relating to the allegation that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964(c).

**REQUEST NO. 29**

Any and all documents evidencing or relating to the allegation that defendants "negligently represented the terms of the plaintiff's employment and the total amounts of weights refined upon which plaintiff relied."

**REQUEST NO. 30**

Any and all documents evidencing or relating to the allegation that defendants' alleged "breach of their duty to conduct their business in accordance with state and federal laws has caused the Plaintiff to experience emotional distress and physical harm."

**REQUEST NO. 31**

Copies of any and all pay stubs that you received from any employer after leaving the employ of Pease & Curren.

**REQUEST NO. 32**

Any and all documents evidencing or relating to the allegation that you "suffered a racketeering injury by reason of the Defendants' pattern of racketeering behavior."

**REQUEST NO. 33**

Any and all documents evidencing or relating to defendants' business practices in managing their dental scrap business.

7

**REQUEST NO. 34**

Any and all documents or photographs or digital images regarding the allegedly "fraudulent documentation" referred to in paragraph 34 of your complaint including, but not limited to, copies and/or originals of the allegedly fraudulent documentation.

**REQUEST NO. 35**

Any and all documents or photographs or digital images regarding the allegedly "falsified reports" referred to in paragraph 51 of your complaint including, but not limited to, copies and/or originals of the allegedly falsified reports.

**REQUEST NO. 36**

_____To the extent not produced in response to the preceding requests, your complete file and all documents maintained by you concerning Pease & Curren.

**REQUEST NO. 37**

_____To the extent not produced in response to the preceding requests, all documents or otehr materials of any kind that you took with you when you left Pease & Curren.

**REQUEST NO. 38**

_____Any employment contracts that you entered into with Advanced Chemicals.

8

**REQUEST NO. 39**

_____Copies of any and all employee handbooks, manuals or guidelines, relating to your employment at Pease & Curren.

                                        Respectfully submitted,

                                        The defendants,
                                        By their Attorneys,

                                        _____
                                        Joseph H. Aronson        BBO #022070
                                        Laura G. Ryan,            BBO #653793
                                        THE MCCORMACK FIRM, LLC
                                        One International Place
                                        Boston, MA      02110
                                        (617) 951-2929