UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05 11395 RCL

PATRICIA BERGEVINE,
          Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., ROBERT H.
PEASE, JR., FRANCIS H. CURREN, JR.,
FRANCIS H. CURREN, lll A/K/A KIP
CURREN, AND MEREDITH CURREN
          Defendants

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE SUPPLEMENTAL ANSWERS TO DEFENDANTS' INTERROGATORIES

Now comes the defendants and respectfully request that this Honorable Court, pursuant to Fed. R. Civ. Proc., Rule 37(a)(2) (A) & (B), to compel the plaintiff, Patricia Bergevine, to supplement Plaintiff's Answers to Defendants' Interrogatories, Interrogatories Nos. 5, 10, 12, 16, and 25. A copy of Plaintiff's Answers to Defendants' Interrogatories, and a copy of counsel for Defendants' letter dated April 11, 2006, seeking that answers nos. 5, 10, 12, 16 and 25, be supplemented, are annexed hereto as Exhibits "A" and "B" are incorporated herein by reference.

As grounds therefore, the defendants state that a letter to counsel for plaintiff asking that plaintiff supplement her answers to the interrogatories was sent on April 11, 2006, and no response has been received. Additionally, on September 20, 2006, counsel for defendants contacted plaintiff's counsel to ask if the plaintiff intended to supplement her answers to the interrogatories to which plaintiff's counsel indicated she would check with plaintiff. There has been no response.

WHEREFORE, the defendants respectfully request that this Court order the plaintiff to provide supplemental answers to Defendants' First Set of Interrogatories, within fourteen (14) days

2

of the Court's order. A proposed Order is attached hereto.

Defendants, By their Attorneys,

/s/ Joseph H. Aronson
/s/ Laura G. Ryan
Joseph H. Aronson [BBO #022070]
Laura G. Ryan [BBO #653793]
THE McCORMACK FIRM, LLC
One International Place
Boston, MA 02110
(617) 951-2929

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred with Counsel for Plaintiff in good faith to resolve or narrow these issues pursuant to LR 7.1(A)(2).

/s/ Laura G. Ryan

3

**CERTIFICATE OF SERVICE**

I, Laura G. Ryan, hereby certify that on September 29, 2006, the foregoing document, Defendants' Motion to Compel Plaintiff to Supplement Her Answers to Defendants' Interrogatories, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

*Gregory Aceto, Esq.*
*Erin Brennan, Esq.*
*Johnson & Aceto, PC*
*67 Batterymarch Street*
*Boston, MA 02210*

In addition, a copy of the foregoing Defendants' Motion to Compel Plaintiff to Provide Supplemental Answers to Defendants' Interrogatories was served via first class mail on September 29, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

*Bruce Gladstone, Esq.*
*Cameron & Mittleman, LLP*
*56 Exchange Terrace, Suite 2*
*Providence, RI 02903-1766*

/s/ Laura G. Ryan
Laura G. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11395 RCL

PATRICIA BERGEVINE,
                        Plaintiff,

v.

PEASE & CURREN, INC.,
PEASE & CURREN MATERIALS, INC.,
ROBERT H. PEASE, JR., FRANCIS H.
CURREN, JR., FRANCIS H. CURREN III
A/K/A KIP CURREN, AND MEREDITH
CURREN,
                        Defendants.

**PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY THE
DEFENDANTS PEASE & CURREN, INC., PEASE & CURREN MATERIALS, INC.,
FRANCIS H. CURREN III A/KIA KIP CURREN AND MEREDITH CURREN**

NOW COMES the Plaintiff Patricia Bergevine (the "Plaintiff"), and pursuant to Rule 33

of the Massachusetts Rules of Civil Procedure, hereby answers the Defendants Pease & Curren,

Inc., Pease & Curren Materials, Inc., Francis H. Curren, III A/K/A Kip Curren and Meridth

Curren (collectively, the "Defendants")' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A.    The Plaintiff objects to the Interrogatories insofar as they request information protected
      by the attorney-client privilege or attorney-work product doctrine.

B.    The Plaintiff objects to the overly broad and unduly burdensome nature of the
      interrogatories.

---

Two (2) additional defendants, Robert H. Pease, Jr. and Francis H. Curren, Jr., were omitted from the Defendants'
caption and are not listed on the Defendants' Interrogatories Propounded to Plaintiff.

## INTERROGATORIES

INTERROGATORY NO. 1:

Please identify yourself fully, giving your full name, date of birth, social security number, residential address, business address, occupation and name of your spouse, if married.

ANSWER NO. 1:

| | |
|---|---|
| Name: | Patricia A. Bergevine |
| DOB: | 9/18/1961 |
| Address: | 428 South Street, Plainville, MA |
| Bus. Address: | 26 Franklin Street, Wrentham, MA |
| Occupation: | Real Estate Sales |
| Spouse: | Dale Bergevine |

INTERROGATORY NO. 2:

Please set forth fully and in complete detail your employment history from June 2002 to the present, giving the names of all employers for whom you have worked, the nature of the work that you performed for each, your job title or position with each, the dates of your employment.

ANSWER NO. 2:

In June, 2002, I was employed by Pease & Curren as a sales representative. In July,

2002, I was unemployed. From August, 2002 through June, 2005, I worked as an independent

contractor for Advanced Chemical and from July, 2005 through the present, I have worked in

Real Estate Sales.

INTERROGATORY NO. 3:

Please set forth all facts, (including the names and addresses of all persons involved) upon which you base your claim that defendants "were systematically lowering the reported weights and percentages of metals recovered to defraud their clients, employees and plaintiffs."

ANSWER NO. 3:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26, Answering further, please see

the allegations contained in Plaintiff's Complaint, dated July 1, 2005 (the "Complaint").

Subject to and without waiving the foregoing, the Plaintiff states as follows: As stated in

my Complaint, throughout the course of my employment relationship with the Defendants, I

regularly received phone calls and letters from a number of my clients asking for the Defendants

to re-assay the lots, because the weights and corresponding reimbursements seemed low by their

previous numbers. The majority of the times that a lot was re-assayed, the Defendants would

claim that the original numbers were correct. In June, 2002, a colleague of mine inadvertently

discovered another database at the Defendants' offices in Warwick, RI containing files with

reports detailing different amounts for many of the lots. The colleague, Bethany Warburton,

informed me of the additional database and indicated to me that the reports in the database

contained the actual amount of each metal refined on each lot. Bethany Warburton and I began

comparing the files in the database to those reports that I received from the Defendants, and

based upon the comparison, discovered that the Defendants were systematically lowering the

reported weights and percentage of metals recovered to defraud their clients, employees and me.

INTERROGATORY NO. 4:

Please set forth all facts, (including the names and addresses of all persons involved)
upon which you base your claim that defendants defrauded you by failing to pay "commission in
the approximate amount of One Hundred Fifty Thousand Dollars ($150,000.00)."

ANSWER NO. 4:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my Complaint. Answering further, my commissions and bonuses were based on the amount of metals recovered in each job or lot assayed. At times, I only received monetary bonuses if the total assayed amounts were over a certain weight for the quarter. By fraudulently lowering the weights reported to the clients and to me, the Defendants were able to pay the customers less for the jobs or "lots" and fewer commissions to me. Further, if the amounts assayed were less than the quarterly goals set for me, I also did not receive bonuses to which I was entitled.

INTERROGATORY NO. 5:

Please set forth all facts upon which you base your claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises."

ANSWER NO. 5:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Answering further, please see the allegations contained in Plaintiff's Complaint.

INTERROGATORY NO. 6:

Please set forth all facts upon which you base your claim that defendants breached your employment agreement "by systematically defrauding [you resulting in your] being paid less than the amount called for by the Contract."

ANSWER NO. 6:

Objection. The Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion which is not within the reasonable knowledge of the Plaintiff. Subject to and without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's

Complaint.

INTERROGATORY NO. 7:

Please set forth all facts upon which you base your claim defendants "materially misrepresented certain facts to [you] regarding the amounts of metals recovered, thereby causing [you] to base [your] invoices for payment upon falsified reports."

ANSWER NO. 7:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my

Complaint.

INTERROGATORY NO. 8:

Please explain in detail your reason(s) for refusing to sign a confidentiality agreement while working for Pease & Curren.

ANSWER NO. 8:

I was never asked to sign a confidentiality agreement while working for Pease & Curren.

INTERROGATORY NO. 9:

Please set forth all facts upon which you base your claim that for the year 2002, your "annual compensation would have been One Hundred Thousand Dollars ($100,000)."

ANSWER NO. 9:

The amount is based on what I had been paid in salary and commissions as of June, 2002,

or six (6) months into the year. The amount does not account for what I would have received

had the amounts of the metals assayed been reported accurately. If I had received accurate

reports, my compensation for the year 2002 would have been higher than One Hundred

Thousand Dollars ($100,000.00).

INTERROGATORY NO. 10:

Please set forth all facts upon which you base your claim as set forth in your complaint that you "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior,"

ANSWER NO. 10:

Objection. The Plaintiff objects to this interrogatory on the grounds that it calls for a

legal conclusion which is not within the reasonable knowledge of the Plaintiff. Subject to and

without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's

Complaint.

INTERROGATORY NO. 11:

Please set forth in full and complete detail all damages (including expenses), losses or injuries suffered by you as a result of Pease & Curren's actions referred to in your complaint, giving the amounts of all alleged monetary damages, and a description of any emotional distress that you claim is attributable to those actions.

ANSWER NO. 11:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my

Complaint.

INTERROGATORY NO. 12:

If you received medical, psychiatric, psychological, or other treatment or counseling as a result of Pease & Curren's actions alleged in your complaint, please state:

    a.    the name and address of any and all persons, hospitals, counselors, social workers, or other providers from which you received medical or other treatment;

b.   a full and complete description of all treatments, medication and tests that you received, including the dates of each, and the person or facility by whom/which each was administered; and

c.   an itemized account of all expenses incurred for the treatment referred to above.

ANSWER NO. 12:

I saw a psychiatrist named Cynthia Brown in North Attleboro, MA for approximately seven (7) to eight (8) visits. She prescribed me two (2) or three (3) different medications for the symptoms described in my Complaint, but when they did not work, I discontinued the medications and stopped seeing Dr. Brown.

INTERROGATORY NO. 13:

Please identify by full name, residential address, name of employer, business address, relationship to you, if any, each person who witnesses and/or has knowledge of the occurrences alleged in your complaint, stating with respect to each such person the facts which he or she witnessed or of which he/she has knowledge.

ANSWER NO.13:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Answering further, please see the allegations contained in Plaintiffs Complaint and Plaintiff's Initial Disclosures, dated January 6, 2006 ("Initial Disclosures"). Subject to and without waiving the foregoing, the following individuals are likely to have witnessed and/or have knowledge of the occurrences alleged in my Complaint: Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren, III a/k/a Kip Curren, Meredith A, Curren and current and former employees of Pease & Curren, Inc. and Pease & Curren Materials, Inc., including, but not limited

7

to, Mike Gullison, Jennifer Leger, Dr. Raj Mishra, Paul Dion, Dale Westberg, Harry Howland,

Keith Edwards, Kathi Silva, Sandra Frappier, Brett Mastriano, Maryanne Borges, Debbie

DeBlois, Bethany Warburton, as well as Barbara McDonough and Detective Sergeant John

LeMont.

INTERROGATORY NO.14:

Please identify by full name, residential address, name of employer, business address of each person whom you expect to call as an expert witness at trial, and state as to each such person:

      a.    all background information by which you intend to qualify was such person as an expert witness;

      b.    the subject matter on which each such expert is expected to testify;

      c.    the substance of the facts to which each such expert is expected to testify;

      d.    the substance of opinions to which each such expert is expected to testify; and

      e.    a summary of the grounds for each such opinion to which each such expert is expected to testify.

ANSWER NO. 14:

The Plaintiff does not yet know whom she intends to call at trial as an expert witness.

The Plaintiff reserves the right to seasonably supplement this answer.

INTERROGATORY NO. 15:

Please set forth all facts upon which you base your claim as set forth in your complaint the "Defendants negligently and carelessly maintained, supervised and operated the business practices of Pease & Curren."

ANSWER NO. 15:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my

Complaint.

INTERROGATORY NO. 16:

Please set forth all facts upon which you base your claim that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

ANSWER NO. 16:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my

Complaint.

INTERROGATORY NO. 17:

If you had or overheard any conversations with any agent or employee of Pease & Curren regarding the subject matter referred to in your complaint, please state the full names of all persons involved, the substance of each such conversation and the dates thereof.

ANSWER NO. 17:

I discussed the discrepancies in the database with Bethany Warburton and, after I left the

employ of the Defendants, I discussed the discrepancies with Dr. Raj Mishra.

INTERROGATORY NO. 18:

Please set forth all facts upon which you base your claim that defendants' alleged "breach of their duty to conduct their business in accordance with state and federal laws has caused the Plaintiff to experience emotional distress and physical harm."

ANSWER NO. 18:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my

Complaint and Answer No. 11.

INTERROGATORY NO. 19:

If you were treated by any psychiatrist, psychologist, counselor, social worker, or other
provider for any emotional or psychiatric issues from January 1, 1996 to the present (excluding
those identified in response to Interrogatory no. 12), please give the full name and address of the
provider, the dates of treatment, and the nature and reason for such treatment.

ANSWER NO. 19:

Other than the visits and psychiatrist identified in Answer No. 12, I was not treated by

any other provider for any emotional or psychiatric issues from January 1, 1996 to the present.

INTERROGATORY NO. 20:

Please set forth your gross annual earnings for the years 1997 to 2001.

ANSWER NO. 20:

1997: Approximately $28,000.00
1998: Approximately $34,000.00
1999: Approximately $41,000.00
2000: Approximately $49,000.00
2001: Approximately $54,000.00

INTERROGATORY NO. 21:

Please describe in full and complete detail the circumstances under which you obtained
employment with Advanced Chemicals, Co., stating the dates of all occasions you
communicated with Advanced Chemicals regarding working for Advanced Chemicals, with
whom you spoke and the content of the discussions.

ANSWER NO. 21:

I was contacted by Advanced Chemicals a few weeks after I stopped working for Pease

& Curren and I interviewed with John Venditti, the Sales Manager. We met to discuss the

procedure for how I would call on the dental industry clients and, after that meeting, I became an

independent contractor, working as a representative for Advanced Chemicals.

INTERROGATORY NO. 22:

     Please set forth in full and complete detail:

    a.    the process and all steps performed by Pease & Curren to determine the weight and percentages of metals recovered from dental customers during the time you were employed by Pease & Curren.

    b.    when you first acquired knowledge of the process used by Pease & Curren to determine the weight and percentages of metals recovered from dental customers during the time you were employed by Pease & Curren;

    c.    give the names and address of any persons who provided this information to you;

    d.    identify by full name the individual(s) who supervised or oversaw the process used by Pease & Curren to determine the weight and percentages of metals recovered from dental customers during the time you were employed by Pease & Curren; and

    e.    give the full names of all other employees who participated in the process and/or work to determine the weight and percentages of metals recovered.

ANSWER NO. 22:

    a.    Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Subject to and without waiving the foregoing, the Plaintiff states as follows: Generally, the dental labs would send their precious metal scrap to Pease & Curren and Pease & Curren would assay it and return back to the customer the value of their gold, silver, platinum and palladium. Specifically, when the materials arrived at the Pease & Curren facility, they would be weighed in a box for a "tare weight" in order to have an agreed-upon weight with the customer before processing. The shipment was then assigned a lot number. The lot number and

11

tare weight were recorded on an assay ticket. Depending on whether it was a high grade lot or bullion lot, or a low grade lot, the metal was fire assayed or incinerated or ball milled or a combination thereof in order to obtain a sample to determine the gold, silver, platinum and palladium content. After that process, the metal is weighed again for an "after melt weight" and then the sweeps are taken to the lab to be assayed for the actual amounts of each metal. A metallurgist in the lab would determine the weights based on the assays and then take the weights and record them on the assay ticket. After that, the assay ticket would go to a woman named Sandy Frappier who would record the percentages into Tracking, or enter the data into the computer database. Once the information was recorded, the assay tickets were handed off to one of the three officers of Pease & Curren, usually Robert Pease, Jr., sometimes Kip Curren and sometimes Meredith Curren. The results from the assay ticket would then be manually transcribed by one of the three officers onto the customer ledger card and the assay card would be incinerated. The payments to customers and reports for employees would be based on the amounts entered into the accounting software and the Mail List Master from the customer ledger card. Thereafter, the lots would be shipped out to a larger refinery for processing.

b.      Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without waiving the foregoing, the Plaintiff refers to the allegations in her Complaint and further states as follows: I acquired knowledge of the process used by Pease & Curren to determine the weight and percentages of metals recovered from dental customers when I first became employed by Pease & Curren.

c.      Please see the names of former and current employees and officer identified in Answer

No. 13.

d.     The three principal officers oversaw the process: Robert Pease, Jr., Kip Curren and

Meredith Curren. Also, Paul Dion, Bob Alcock and Dr. Raj Mishra.

e.     As previously stated, Robert Pease, Jr., Kip Curren, Meredith Curren, Paul Dion and Bob

Alcock. Also Sandy Frappier, Marianne Borges, and any individual working in the lab.

INTERROGATORY NO. 23:

Please set forth in full detail the terms of your employment with Advanced Chemicals Co., giving the terms of your compensation and or commissions, and whether you had a written employment contract.

ANSWER NO. 23:

I was an independent contractor working from home and I was paid a small weekly

stipend plus thirty percent (30%) on profit dollars.

INTERROGATORY NO. 24:

Please set forth in itemized form you annual earnings from the date you left Pease & Curren to the present, giving the year (or partial year if less) the names and address of your employers, or contractors, and the amount received from each.

ANSWER NO. 24:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,

ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without

waiving the foregoing, the Plaintiff states as follows: In June, 2002 (six months into the calendar

year), my earnings were approximately $53,000.00.

INTERROGATORY NO. 25:

Please describe in complete and full detail any communications that you had with any government agency or police department (state or federal) regarding Pease & Curren, giving the date of such communications, the agencies and persons involved; the substance of such

communications were in writing.

ANSWER NO, 25:

I met with the Federal Bureau of Investigation on two occasions and I am aware of an ongoing investigation being performed by the Rhode Island State Police Financial Crimes Unit. The main person I am in contact with at the Rhode Island State Police is Detective Sergeant John LeMont. I gave a statement to the Rhode Island State Police with is included with my responses to Defendants' Request for Documents.

Signed under the pains and penalties of perjury this' .5 day of April, 2006.

PATRICIA BERGEY1N

As to Objections,

GT or      Aceto, Esq.
 (BBOfi 558556)
Erin J. Brennan, Esq.
 (BBO#660097)
**JOHNSON ACETO, LLP**
67 Batteryrnareh St., Suite 400
Boston, MA 02110
(617) 728-0888

15

# THE MCCORMACK FIRM, LLC

Attorneys at Law

ONE INTERNATIONAL PLACE - 7Th FLOOR
BOSTON, MASSACHUSETTS 02110

Phone 617.951.2929
Fax      617.951.2672

Michael J. McCormack
Mark E. Cohen
Joseph H. Aronson
Brian C. Duffey
Amy M. Soisson
Marc L. LaCasse
Stephen D. Rosenberg
David T. Mitrou

Robert J. Maselek, Jr.
Eric L. Brodie
Donna E. Hess
Sylvia Chu
Gerald S. Frim
Laura G. Ryan
Erica L. Silverman
Jon Hlalaby

Caroline M. Fiore
Susan N. Granoff
Of Counsel

Sender's E-Mail:
lryan@mccormackfirm.com

April 11, 2006

**Via Facsimile** & **U.S. Mail**
Erin J. Brennan, Esq.
Johnson & Aceto, PC
67 Batterymarch Street
Boston, MA 02210

> **Re:** **Patricia Bergevine v. Pease** & **Curren, Inc., et al**
> **United States District Court, C.A. #05-11395-RLL**
> **Our File No.: 7997**

Dear Ms. Brennan:

*We* write in regard to the above-referenced matter. We ask that you supplement your client's answers to several of defendants' Interrogatories. Specifically, we request that you supplement Ms. Bergevine's answers to Interrogatories Nos. 5, 10, 12, 16, 24, and 25. The interrogatories and answers are set forth below.

INTERROGATORY NO. 5:

Please set forth all facts upon which you base your claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises."

*ANSWER NO. 5:*

*Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Answering further, please see the allegations contained in Plaintiff's Complaint.*

This answer is non-responsive and does not identify any facts upon which plaintiff bases her claim that defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises" and instead refers back to the complaint. The complaint, however, contains no facts that support this claim. Please supplement your response to either provide defendants with the facts that allegedly support this claim or an admission that no such facts exist.

INTERROGATORY NO. 10:
Please set forth all facts upon which you base your claim as set forth in your complaint that you "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior."

THE MCCORMACK FIRM, i.Lc

Erin J. Brennan, Esq.
April 11, 2006
Page 2

*ANSWER NO. 10:*
*Objection, The Plaintiff objects to this interrogatory on the grounds that it calls for a*
*legal conclusion which is not within the reasonable knowledge of the Plaintiff Subject to and*
*without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's*
*Complaint.*

This answer is non-responsive and does not set forth any facts upon which plaintiff bases her claim that she "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior" and instead refers back to the complaint. However, the complaint contains only the same conclusory allegation with no facts to support the allegation. Please supplement this response to set forth the facts upon which plaintiff basis the claim or admit that no such facts exist.

INTERROGATORY NO. 12:
If you received medical, psychiatric, psychological, or other treatment or counseling as a result of Pease & Curren's actions alleged in your complaint, please state:

a. the name and address of any and all persons, hospitals, counselors, social workers, or other providers from which you received medical or other treatment

b. a full and complete description of all treatments, medication and tests that you received, including the dates of each, and the person or facility by whom/which each was administered; and

c. an itemized account of all expenses incurred for the treatment referred to above.

*ANSWER NO. 12:*
*I saw a psychiatrist named Cynthia Brown in North Attleboro, MA for approximately*
*seven (7) to eight (8) visits. She prescribed me two (2) or three (3) different medications for the*
*symptoms described in my Complaint, but when they did not work, I discontinued the*
*medications and stopped seeing Dr. Brown.*

This answer is non-responsive and does not identify a description of the treatment received from the psychiatrist, the dates of treatment, the medications prescribed, or the expenses incurred in connection with the treatment. Please supplement this response to provide this information.

INTERROGATORY NO. 16:
Please set forth all facts upon which you base your claim that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

*ANSWER NO. 16:*
*Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague,*
*ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not*
*required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without*
*waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my*
*Complaint.*

We disagree with plaintiff's objections and believe they are unfounded. Defendants seek the basis for plaintiff's claimed entitlement to treble damages and attorney's fees pursuant to 18 U.S.C. § 1964 (c). Plaintiff refers defendants to the allegations in her complaint, however, there are

THE MCCORMACK FIRM, LLC

Erin J. Brennan, Esq.
April 11, 2006
Page 3

no allegations that set forth a basis for entitlement to treble damages and attorney's fees pursuant of 18 U.S.C. §1964 (c), only a conclusory statement that plaintiff is entitled to such remedies. We ask that plaintiff supplement her response to this interrogatory with facts to support the basis for her claimed entitlement to these remedies.

INTERROGATORY NO. 24:
Please set forth in itemized form you annual earnings from the date you left Pease & Curren to the present, giving the year (or partial year if less) the names and address of your employers, or contractors, and the amount received from each.

*ANSWER NO. 24:*
*Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without waiving the foregoing, the Plaintiff states as follows: In June, 2002 (six months into the calendar year), my earnings were approximately $53,000.00.*

This answer is non-responsive and fails to provide plaintiff's salary for the period from June, 2002 to the present and fails to identify the names and addresses of her employers or contractors, and the amount she received from each. Please supplement this response and answer the question fully.

INTERROGATORY NO. 25:
Please describe in complete and full detail any communications that you had with any government agency or police department (state or federal) regarding Pease & Curren, giving the date of such communications, the agencies and persons involved; the substance of such communications were in writing.

*ANSWER NO. 25:*
*I met with the Federal Bureau of Investigation on two occasions and I am aware of an ongoing investigation being performed by the Rhode Island State Police Financial Crimes Unit. The main person I am in contact with at the Rhode Island State Police is Detective Sergeant John LeMont. I gave a statement to the Rhode Island State Police with is included with my responses to Defendants' Request for Documents.*

This answer fails to describe in detail all communications plaintiff has had with any government agency or police department (state or federal) regarding Pease & Curren and fails to provide the dates and the substance of the communications. Please give the dates of plaintiff's meetings, the substance of the communications that occurred at the meetings and identify and describe in detail all other communications that took place between plaintiff and any government agency or police department (state or federal) regarding Pease & Curren. If plaintiff has only communicated on two occasions with the FBI as indicated in her answer to Interrogatory No. 25, please confirm the same.

THE MCCORMACK FIRM, LLc

Erin J. Brennan, Esq.
April 11, 2006
Page 4


        Please provide us with your supplemental responses at your earliest convenience. Thank
you.


                                        Very truly yours,



                                        Laura Ryan, Esq.


cc:     Bruce Gladstone, Esq.
        Cameron & Mittleman, LLP
        56 Exchange Terrace, Suite 2
        Providence, RI 02903-1766
83563.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05 11395 RCL

PATRICIA BERGEVINE,
      Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., ROBERT H.
PEASE, JR., FRANCIS H. CURREN, JR.,
FRANCIS H. CURREN, III A/K/A KIP
CURREN, AND MEREDITH CURREN
      Defendants

## jPROPOSED1 ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT ANSWERS TO DEFENDANTS' INTERROGATORIES

This matter having come before the Court on Defendants' Motion to Compel the Plaintiff to Supplement Her Answers to Defendants' Interrogatories, and after due consideration by the Court, the Court hereby orders as follows:

Patricia Bergevine is ordered to provide supplemental answers to Defendants' First Set of Interrogatories, within fourteen (14) days of the Court's order.

By the Court:

_____ , J.
Justice, United States District Court,
District of Massachusetts

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05 11395 RCL

PATRICIA BERGEVINE,
     Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., FRANCIS H.
CURREN, III A/K/A KIP CURREN, AND
MEREDITH CURREN
     Defendants

**AFFIDAVIT OF LAURA RYAN IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL TO COMPEL PLAINTIFF TO PROVIDE SUPPLEMENTAL ANSWERS**
**TO DEFENDANTS' INTERROGATORIES**

I, Laura Ryan, hereby state, under oath, the following:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts. I am an attorney at the law firm of the McCormack Firm, LLC, and represent the defendants in the above-captioned action.

2. Attached hereto as Exhibit A is a true and accurate copy of Plaintiff's Answers to Interrogatories Propounded by the Defendants.

3. Attached hereto as Exhibit B is a true and accurate copy of an April 11, 2006, letter from counsel for defendants, Laura Ryan, to counsel for plaintiff, Erin Brennan, requesting that plaintiff supplement her answers to defendants' interrogatories.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 29st DAY OF September, 2006.**

/s/ Laura G. Ryan

2

## **CERTIFICATE OF SERVICE**

      I, Laura G. Ryan, hereby certify that on September 29, 2006, the foregoing document, Affidavit of Laura Ryan in Support of Defendants' Motion to Compel Plaintiff to Provide Supplemental Answers to Defendants' Interrogatories, which is being filed through the ECF system, was served electronically to the following recipients identified as a registered participant on the Notice of Electronic Filing (NEF):

> *Gregory Aceto, Esq.*
> *Erin Brennan, Esq.*
> *Johnson & Aceto, PC*
> *67 Batterymarch Street*
> *Boston, MA 02210*

      In addition, a copy of the foregoing Affidavit of Laura Ryan in Support of Defendants' Motion to Compel Plaintiff to Provide Supplemental Answers to Defendants' Interrogatories was served via first class mail on September 29, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

> *Bruce Gladstone, Esq.*
> *Cameron & Mittleman, LLP*
> *56 Exchange Terrace, Suite 2*
> *Providence, RI 02903-1766*

> <u>/s/ Laura G. Ryan</u>
> Laura G. Ryan

89643.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05 11395 RCL

PATRICIA BERGEVINE,
      Plaintiff

v.

PEASE & CURREN, INC., PEASE &
CURREN MATERIALS, INC., ROBERT H.
PEASE, JR., FRANCIS H. CURREN, JR.,
FRANCIS H. CURREN, III A/K/A KIP
CURREN, AND MEREDITH CURREN
      Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE SUPPLEMENTAL ANSWERS TO DEFENDANTS' INTERROGATORIES

**I.**      **INTRODUCTION**

      This action arises out of claims by plaintiff, Patricia Bergevine, against her former employer, Pease & Curren, a precious metal refining business. Plaintiff alleges that from 1996 to 2002 she worked as a salesperson for Pease & Curren's dental customers. According to the complaint, her primary responsibility was to solicit business from dental laboratories and clients who would submit their metal scraps to Pease & Curren for refining. The plaintiff claims she received a base pay plus commissions on her sales to the dental laboratories and other clients based upon the weight of the metal resulting after the refining process.

      According to the plaintiff, a co-worker, Bethany Warburton, learned in June, 2002, that Pease & Curren was allegedly maintaining two data bases regarding the amounts of metals that were refined. She claims that a tracking data base represented the actual amount of the metal that was refined. However, she claims that this was not the amount used in paying the customer or for calculating her commission. She alleges that a second data base existed, with systematically lower

amounts, and that this was used to calculate the amount due to the customer and to the plaintiff for her commissions. The defendants deny these allegations which are based upon a complete lack of understanding of the tracking system and assay process. As a result of the alleged improprieties of the defendants, the plaintiff claims that she lost $150,000 in commissions on her sales. Plaintiff filed a complaint alleging causes of action for breach of contract, fraud, negligence, negligent misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, and violation of the Racketeer Influence and Corrupt Organizations Act (RICO). In this count, she seeks treble damages and attorneys fees under the federal statute.

On March 6, 2006, defendants served interrogatories and requests for production of documents on the plaintiff. On April 5, 2006, the plaintiff served answers to defendants' interrogatories. By letter dated April 11, 2006, defendants requested that plaintiff supplement her answers to Interrogatories Nos. 5, 10, 12, 16, 24 and 25, on the grounds that the answers were incomplete and evasive. The plaintiff should be compelled to answer defendants' interrogatories.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. Proc., Rule 37(a)(2) (A) & (B), a party may move to compel another party to answer interrogatories. See Mass.R.Civ.P. 37(a)(2). For purposes of a motion to compel, evasive or incomplete answers are treated as a failure to answer. See Fed. R. Civ. Proc., Rule 37(a)(3).

## III.    INTERROGATORIES

### INTERROGATORY NO. 5:

Please set forth all facts upon which you base your claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises."

### *PLAINTIFF'S ANSWER TO INTERROGATORY NO. 5:*

*Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the*

*Defendants. Answering further, please see the allegations contained in Plaintiff's Complaint.*

### Argument

In her complaint, plaintiff asserts a cause of action for alleged violation of RICO, and seeks to recover statutory damages pursuant to the statute. In order to state a RICO claim under section 1962(a), the plaintiff must allege an injury stemming from the use or investment of racketeering. Here, providing any facts to support these conclusory allegations. Accordingly, this interrogatory, which seeks to discover all facts upon which plaintiff bases her claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises" is highly relevant. Plaintiff's answer to this interrogatory, however, is non-responsive and does not identify any facts upon which plaintiff bases her claim that defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises" and instead refers back to the complaint. The complaint, however, contains no facts that support this claim. Plaintiff should be compelled to supplement her answer to provide defendants with the facts that allegedly support this claim.

### INTERROGATORY NO. 10:

Please set forth all facts upon which you base your claim as set forth in your complaint that you "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior."

#### *ANSWER NO. 10:*

*Objection. The Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion which is not within the reasonable knowledge of the Plaintiff Subject to and without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's Complaint.*

### Argument

This answer is non-responsive and does not set forth any facts upon which plaintiff bases her claim that she "suffered a racketeering injury by reason of the Defendant's pattern of

racketeering behavior" and instead refers back to the complaint. However, the complaint contains only the same conclusory allegation with no facts to support the allegation. The plaintiff should be compelled to supplement her answer to set forth the facts upon which she bases her claim.

### INTERROGATORY NO. 12:

If you received medical, psychiatric, psychological, or other treatment or counseling as a result of Pease & Curren's actions alleged in your complaint, please state:

a. the name and address of any and all persons, hospitals, counselors, social workers, or other providers from which you received medical or other treatment;

b. a full and complete description of all treatments, medication and tests that you received, including the dates of each, and the person or facility by whom/which each was administered; and

c. an itemized account of all expenses incurred for the treatment referred to above.

### *ANSWER NO. 12:*

*I saw a psychiatrist named Cynthia Brown in North Attleboro, MA for approximately seven (7) to eight (8) visits. She prescribed me two (2) or three (3) different medications for the symptoms described in my Complaint, but when they did not work, I discontinued the medications and stopped seeing Dr. Brown.*

### Argument

Plaintiff has alleged in her complaint causes of action for intentional and negligent infliction of emotional distress. She claims that defendants' alleged misconduct caused her emotional distress and injury which required psychiatric treatment and counseling. Because plaintiff has put her emotional health at issue, defendants are entitled to discover the details of plaintiff's psychiatric treatment and counseling. Plaintiff's answer to the interrogatory, however, is non-responsive and does not identify a description of the treatment received from the psychiatrist, the dates of treatment, the medications prescribed, or the expenses incurred in connection with the treatment. Plaintiff should be required to supplement her answer to provide this information.

### INTERROGATORY NO. 16:

Please set forth all facts upon which you base your claim that you are entitled to treble

5

damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

### ANSWER NO. 16:

*Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my Complaint.*

#### Argument

Plaintiff's objections are unfounded. Defendants seek the basis for plaintiff's claimed

entitlement to treble damages and attorney's fees pursuant to 18 U.S.C. § 1964 (c). Plaintiff refers

defendants to the allegations in her complaint, however, there are no allegations that set forth a

basis for entitlement to treble damages and attorney's fees pursuant to 18 U.S.C. §1964 (c), only

a conclusory statement that plaintiff is entitled to such remedies. Defendants request that plaintiff

be compelled to supplement her answer to this interrogatory with facts to support the basis for her

claimed entitlement to these remedies.

### INTERROGATORY NO. 25:

Please describe in complete and full detail any communications that you had with any government agency or police department (state or federal) regarding Pease & Curren, giving the date of such communications, the agencies and persons involved; the substance of such communications were in writing.

### ANSWER NO. 25:

*I met with the Federal Bureau of Investigation on two occasions and I am aware of an ongoing investigation being performed by the Rhode Island State Police Financial Crimes Unit. The main person I am in contact with at the Rhode Island State Police is Detective Sergeant John LeMont. I gave a statement to the Rhode Island State Police with is included with my responses to Defendants' Request for Documents.*

#### Argument

This answer fails to describe in detail all communications plaintiff has had with any

government agency or police department (state or federal) regarding Pease & Curren and fails to

provide the dates and the substance of the communications. Plaintiff should be compelled to

supplement her answer to give the dates of plaintiff's meetings, the substance of the

6

communications that occurred at the meetings and identify and describe in detail all other

communications that took place between plaintiff and any government agency or police department

(state or federal) regarding Pease & Curren.

WHEREFORE, the defendants respectfully request that this Court order the plaintiff to

provide supplemental answers to Defendants' First Set of Interrogatories, within fourteen (14) days

of the Court's order. A proposed Order is attached hereto.

Defendants, By their Attorneys,

/s/ Joseph H. Aronson

Joseph H. Aronson [BBO #022070]
Laura G. Ryan [BBO #653793]
THE McCORMACK FIRM, LLC
One International Place
Boston, MA 02110
(617) 951-2929

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have conferred with Counsel for Plaintiff in good faith to resolve
or narrow these issues pursuant to LR 7.1(A)(2).

/s/ Laura G. Ryan
Laura G. Ryan

## CERTIFICATE OF SERVICE

I, Laura G. Ryan, hereby certify that on September 29, 2006, the foregoing document, Defendants' Motion to Compel Plaintiff to Supplement Her Answers to Defendants' Interrogatories, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

*Gregory Aceto, Esq.*
*Erin Brennan, Esq.*
*Johnson & Aceto, PC*
*67 Batterymarch Street*
*Boston, MA 02210*

In addition, a copy of the foregoing Defendants' Motion to Compel Plaintiff to Supplement Her Answers to Defendants' Interrogatories was served via first class mail on September 29, 2006 upon the following attorney of record, who has not been identified as an ECF recipient:

*Bruce Gladstone, Esq.*
*Cameron & Mittleman, LLP*
*56 Exchange Terrace, Suite 2*
*Providence, RI 02903-1766*

/s/ Laura G. Ryan
Laura G. Ryan

89620.1