UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.   05-11395-RCL

PATRICIA BERGEVINE,
    Plaintiff,

v.

PEASE & CURREN, INC, PEASE & CURREN
MATERIALS, INC., FRANCIS H. CURREN, JR.,
ROBERT H. PEASE, JR., FRANCIS H. CURREN,
III A/K/A KIP CURREN AND MEREDITH A.
CURREN.
    Defendants.

---

### SECOND AFFIDAVIT OF ERIN J. BRENNAN, ESQ.

---

I, Erin J. Brennan, hereby depose and state as follows:

1. I am an attorney with the law firm of Johnson & Aceto, LLP, 67 Batterymarch Street, Suite 400, Boston, Massachusetts, duly licensed to practice law in the Commonwealth of Massachusetts and the State of Connecticut. I am also admitted to practice in the United States District Court for the District of Massachusetts.

2. I am an attorney for Patricia Bergevine ("Plaintiff") in the above-captioned matter.

3. On or about July 1, 2005, I filed suit on behalf of the Plaintiff against the Defendants Pease & Curren, Inc., Pease & Curren Materials, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren, III a/k/a Kip Curren and Meredith Curren (the "Defendants") for breach of contract, fraud, violations of the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1962(a) and 1962 (c), negligent infliction of emotional distress[1] and intentional infliction of emotional distress as a result of Defendants' fraudulent conduct and business practices.

4. On or about April 25, 2006, the Defendants filed a Motion for a Protective Order to Defer Depositions and Answers to Interrogatories for Six Months.

---

[1] The Parties have filed a Stipulation of Dismissal as to Plaintiff's Counts for Negligent and Intentional Infliction of Emotional Distress.

5.  Plaintiff opposed same on May 1, 2006 and filed a Cross-Motion to Compel the Defendants to Participate in Discovery and for Sanctions.

6.  On May 24, 2006, the Court (Lindsay, J.) denied the Defendants' Motion for a Protective Order and granted Plaintiff's Cross-Motion (the "May 24, 2006 Order").

7.  On June 29, 2006, Meredith Curren appeared for her deposition and on July 25, 2006, Francis H. Curren, III appeared for his deposition.

8.  During their depositions, both Meredith Curren and Francis H. Curren, III refused to answer any questions relating to their personal financial and tax information as it relates to the companies Pease & Curren, Inc. and Pease & Curren Materials, Inc.

9.  During his deposition, Francis H. Curren, III stated that the gross revenue figures for Pease & Curren, Inc. for 2005 were Thirty-Five Million Dollars ($35,000,000.00).

10. When asked to describe his compensation structure with Pease & Curren, Inc., Defendants' Counsel instructed him not to answer, stating "[t]hat is confidential information. That has no relevance to this case, and I believe you're doing this the same way you asked Miss Curren about that information, in order to harass the witnesses".

11. Despite refusing to, or being instructed not to, testify regarding their compensation structure with regard to Pease & Curren, Inc., the Defendants did testify in their depositions that the corporation Pease & Curren Materials, Inc. was only created to avoid the tax consequences of the conveyance of Pease & Curren, Inc. to the Defendants Meredith Curren, Francis H. Curren, III and Robert H. Pease.

12. Specifically, Pease & Curren Materials, Inc. was a holding company created for the purpose of allowing the Defendants Meredith Curren, Francis H. Curren, III and Robert H. Pease, Jr. to "purchase" the corporation Pease & Curren, Inc. from their fathers, Defendants Francis H. Curren, Jr. and Robert H. Pease, by "borrowing" and/or "leasing", and eventually purchasing, precious metals from the new corporation Pease & Curren Materials, Inc. for the use of Pease & Curren, Inc.

13. The Defendants have refused to provide any relevant financial or tax documents to the Plaintiff pursuant to Plaintiff's Request for Production of Documents.

14. In their Answers to Interrogatories, the Defendants answered the following request: "Please describe in detail the financial profile of the [Defendant Corporations], including, but not limited to, the corporate structure of the Defendants, including all officers, stock transfers, asset conveyances and conversions since the Defendants were first incorporated and the Defendant Corporations gross year-end revenue for each year from 1996 through the present" as follows: "Defendants object to the interrogatory on the grounds that it is

15. During the deposition of the Defendant Francis H. Curren, III, Plaintiff's Counsel, Attorney Gregory Aceto, inquired as to the location of certain requested documents and was informed that the documents and files had been incinerated, discarded or deleted.

16. Following the deposition, I requested the following documents, all of which were previously requested in Plaintiff's Requests for Production of Documents[2] and in the Schedule A's attached to the Defendants' deposition notices, from counsel for the Defendants: i) copies from the "tracking" system (electronic or paper); ii) copies of settlement reports (electronic or paper); iii) client account documents (electronic); iv) ledger cards; v) assay tickets; vi) correspondence with clients; vii) call logs for dental customers; viii) tax documents and financial records from 1996 to present; ix) personnel files for the Plaintiff and an employee named Bethany Warburton; x) copies of complaints allegedly made against the Plaintiff; and xi) contact and availability information for the Defendant Robert H. Pease, Jr.

17. Defendants' Counsel stated that the Defendants would not produce the requested financial or tax documents and both Defendants' Counsel and the Defendant Meredith Curren indicated that the majority of the other documents requested had either been incinerated or deleted from their computers.

18. At that time, Defendants' counsel requested copies of the Plaintiff's tax returns.

19. Upon questioning by Plaintiff's counsel, Attorney Aceto, as to the relevance of same, counsel for the Defendants responded "her credibility".

20. I informed Defendants' Counsel that Plaintiff would produce her 1099 tax forms from her work with the Defendants, but that she would not produce her State and federal tax returns both because the tax returns are not relevant and because they are privileged.

21. Thereafter, in a telephone conference on September 20, 2006, Defendants' counsel again requested Plaintiff's tax returns.

---

[2] In their Responses to Plaintiff's Request for Production of Documents, the Defendants responded to the following request: "All bookkeeping records of the Defendants for the entire fiscal years of 1996 through 2005, including, but not limited to, payroll records, tax statements, individual tax returns and distributions to the officers of [Pease & Curren, Inc.] and [Pease & Curren Materials, Inc.]" as follows: "Defendants object to this request on the ground that it is overly broad, unduly burdensome, designed to harass the defendants and seeks information that is confidential, proprietary, and not relevant to this dispute nor is it calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, defendants respond as follows: Defendants have produced State of Rhode Island Profit Corporation Annual Report for Pease & Curren, Inc. and Pease & Curren Materials, Inc. for the years 2001-2004. See, Exhibit A."

3

22. I again refused and again offered to produce copies of the Plaintiff's 1099's from her contract work with the Defendants.

Signed under the pains and penalties of perjury this 4th Day of October, 2006.

/s/ Erin J. Brennan
Erin J. Brennan