UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.   05-11395-RCL

PATRICIA BERGEVINE,
    Plaintiff,

v.

PEASE & CURREN, INC, PEASE & CURREN
MATERIALS, INC., FRANCIS H. CURREN, JR.,
ROBERT H. PEASE, JR., FRANCIS H. CURREN,
III A/K/A KIP CURREN AND MEREDITH A.
CURREN.
    Defendants.

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL SUPPLEMENTAL ANSWERS TO
INTERROGATORIES**

---

**INTRODUCTION**

The Plaintiff Patricia Bergevine ("Plaintiff" or "Bergevine") has answered interrogatories, produced relevant documents and attended two (2) days of depositions per the Defendants' Pease & Curren, Inc., Pease & Curren Materials, Inc., Francis H. Curren, Jr., Robert H. Pease, Jr., Francis H. Curren, III a/k/a Kip Curren and Meredith Curren (the "Defendants") request.  Although Plaintiff did receive a request from the Defendants to supplement her interrogatories in April of 2006, the parties have since completed a substantial amount of discovery, including several depositions, which should have provided all of the requested answers and information to Defendants.  Further, the Plaintiff has supplemented her answers to the extent she is able.  As such, Defendants' Motion should be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On or about March 1, 2006, the Defendants served the Plaintiff with a Request for Production of Documents, Interrogatories Propounded upon the Plaintiff, and a Notice of Deposition for the Plaintiff. The Plaintiff timely responded to all of Defendants' discovery requests, including serving her Answers to Interrogatories and Responses to Defendants' Document Request on the Defendants on April 7, 2006, serving copies of all relevant documents on the Defendants on April 11, 2006, and attending depositions on April 12, 2006 and September 15, 2006. On or about April 11, 2006, counsel for the Defendants requested that Plaintiff supplement her answers to interrogatories. Specifically, the Defendants requested further answers to five of the interrogatories[1]. The Plaintiff has supplemented her answers to the best of

---

[1] INTERROGATORY NO. 5: Please set forth all facts upon which you base your claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises."

ANSWER NO. 5: Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Answering further, please see the allegations contained in Plaintiff's Complaint.

INTERROGATORY NO. 10: Please set forth all facts upon which you base your claim as set forth in your complaint that you "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior."

ANSWER NO. 10: Objection. The Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion which is not within the reasonable knowledge of the Plaintiff. Subject to and without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's Complaint.

INTERROGATORY NO. 12: If you received medical, psychiatric, psychological, or other treatment or counseling as a result of Pease & Curren's actions alleged in your complaint, please state:

    a.    the name and address of any and all persons, hospitals, counselors, social workers, or other providers from which you received medical or other treatment;

    b.    a full and complete description of all treatments, medication and tests that you received, including the dates of each, and the person or facility by whom/which each was administered; and

    c.    an itemized account of all expenses incurred for the treatment referred to above.

her knowledge and ability on October 13, 2006. A true and correct copy of Plaintiff's Supplemental Answers to Interrogatories is attached hereto as *Exhibit A*.

## LEGAL ARGUMENT

I.  **The Plaintiff has provided all of the information which she is able to the Defendants and the information which Defendants continue to seek is either contained within deposition testimony or is information which is more readily available to the Defendants.**

Under both state and federal rules of civil procedure, "interrogatory answers that reference outside materials are appropriate when specification is 'in sufficient detail to permit the interrogating party to locate and identify, as readily as the party can be served, the records from which the answer may be ascertained'." *Triton Limited Partnership v. Essex Mutual Insurance Company*, 2006 WL 2243009 (R.I. Super.) *citing* Super. Ct. R. Civ. P. 33(d); *see* Fed. R. Civ. P. 33(d) ["[a] specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be

---

ANSWER NO. 12:  I saw a psychiatrist named Cynthia Brown in North Attleboro, MA for approximately seven (7) to eight (8) visits. She prescribed me two (2) or three (3) different medications for the symptoms described in my Complaint, but when they did not work, I discontinued the medications and stopped seeing Dr. Brown.

INTERROGATORY NO. 16:  Please set forth all facts upon which you base your claim that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

ANSWER NO. 16:  Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my Complaint.

INTERROGATORY NO. 25:  Please describe in complete and full detail any communications that you had with any government agency or police department (state or federal) regarding Pease & Curren, giving the date of such communications, the agencies and persons involved; the substance of such communications were in writing.

ANSWER NO. 25:  I met with the Federal Bureau of Investigation on two occasions and I am aware of an ongoing investigation being performed by the Rhode Island State Police Financial Crimes Unit. The main person I am in contact with at the Rhode Island State Police is Detective Sergeant John LeMont. I gave a statement to the Rhode Island State Police [which] is included with my responses to Defendants' Request for Documents.

3

ascertained"]; *see also* 23 Am. Jur. 2d § 128 *Deposition and Discovery* (2002) ["answers to interrogatories should be complete within themselves" but particular reference to a "relatively short record" is sometimes sufficient].

As stated above, the Plaintiff has answered interrogatories, produced several documents, was deposed twice by the Defendants and has provided supplemental answers to interrogatories. In Plaintiff's supplemental answers to interrogatories, the Defendants are directed to certain deposition transcripts for answers.

In fact, the Defendants' deposition transcripts provide the most substantial answers to the Defendants' First Set of Interrogatories. Further information provided by the Plaintiff, regarding the racketeering injury to the Plaintiff, is not possible where the Defendants have destroyed relevant documents and refused to share the details of the structure of the finances between the various Defendants. The remaining requested information is clearly presented in Plaintiff's Complaint, Answers to Interrogatories and the various deposition transcripts.

Accordingly, the Plaintiff should not be required to answer further - a fifth time - questions which are more readily answered by reviewing the Defendants' deposition testimony. Therefore, the Defendants' Motion should be denied.

II.     **Plaintiff's Counsel's objections include the reasons for the objections and have been stated with specificity as required by Fed. R. Civ. P. 33(b).**

Further, where the Plaintiff could provide answers, despite objections from counsel, those answers have been provided and/or supplemented. For example, the Defendants ask the Plaintiff to explain the mechanism providing treble damages and attorney's fees under 18 U.S.C. § 1964 (c). This is clearly outside of the realm of Plaintiff's expected knowledge, as it relates to the legislative history and operation of a statute.

Similarly, the Defendants request that the Plaintiff explain further her "racketeering injury" suffered by reason of "Defendants' pattern of racketeering behavior". The factual allegations with regard to racketeering are sufficiently and clearly laid out in Plaintiff's Complaint. The additional information sought by Defendants calls for legal conclusions which are beyond the realm of the Plaintiff's expertise - as stated in her answers to interrogatories. Further, both the factual and legal information pertaining to racketeering is readily available to both the Defendants and their counsel, not just in Plaintiff's Complaint, but also in the Defendants' deposition testimony and in the relevant statutes. As such, the Defendants' Motion to Compel should be denied.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Compel Further Answers to Interrogatories.

Respectfully submitted,
PATRICIA BERGEVINE,
By her attorneys,

/s/ Gregory J. Aceto
Gregory J. Aceto, Esq.
 BBO No. 558556
Erin J. Brennan, Esq.
 BBO No. 660097
Johnson & Aceto, LLP
67 Batterymarch Street, Suite 400
Boston, MA 02110
(617) 728-0888

**Certificate of Service**

      I hereby certify that on October 13, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the matter via e-mail. I further certify that copies will be sent via U.S. Mail to all counsel in the matter who are not registered with the CM/ECF system.

<u>/s/ Gregory J. Aceto</u>
Gregory J. Aceto, Esq.
Johnson & Aceto, LLP
67 Batterymarch Street, Suite 400
Boston, MA 02110
Telephone: (617) 728-0888
Facsimile: (617) 338-1923
Email: aceto@johnsonaceto.com

Attorney for Plaintiff Patricia Bergevine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05 11395 RCL

PATRICIA BERGEVINE,
          Plaintiff,

v.

PEASE & CURREN, INC.,
PEASE & CURREN MATERIALS, INC.,
ROBERT H. PEASE, JR., FRANCIS H.
CURREN, JR., FRANCIS H. CURREN III
A/K/A KIP CURREN, AND MEREDITH
CURREN,
          Defendants.

## PLAINTIFF'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY THE DEFENDANTS

NOW COMES the Plaintiff Patricia Bergevine (the "Plaintiff"), and pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, hereby supplements her answers to interrogatories propounded by the Defendants Pease & Curren, Inc., Pease & Curren Materials, Inc., Robert H. Pease, Jr., Francis H. Curren, Jr., Francis H. Curren, III A/K/A Kip Curren and Meredith Curren (collectively, the "Defendants") as follows:

### GENERAL OBJECTIONS

A.     The Plaintiff objects to the Interrogatories insofar as they request information protected by the attorney-client privilege or attorney-work product doctrine.

B.     The Plaintiff objects to the overly broad and unduly burdensome nature of the interrogatories.

## INTERROGATORIES

INTERROGATORY NO. 5:

Please set forth all facts upon which you base your claim defendants "invested some part of the fraudulently derived income into the business in which they are currently engaged i.e., the business of refining metals, and into other enterprises."

ANSWER NO. 5:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not required by the Massachusetts Rules of Civil Procedure, Rule 26. The Plaintiff also objects to this interrogatory on the grounds that it seeks information which is more readily available to the Defendants. Answering further, please see the allegations contained in Plaintiff's Complaint.

SUPPLEMENTAL ANSWER NO. 5:

Please see the Deposition Testimony of Francis H. Curren, III and Meredith Curren.

INTERROGATORY NO. 10:

Please set forth all facts upon which you base your claim as set forth in your complaint that you "suffered a racketeering injury by reason of the Defendant's pattern of racketeering behavior."

ANSWER NO. 10:

Objection. The Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion which is not within the reasonable knowledge of the Plaintiff. Subject to and without waiving the foregoing, the Plaintiff refers to the allegations contained in Plaintiff's Complaint.

SUPPLEMENTAL ANSWER NO. 10:

Please see the Deposition Testimony of Meredith Curren and Francis H. Curren, III.

INTERROGATORY NO. 12:

If you received medical, psychiatric, psychological, or other treatment or counseling as a result of Pease & Curren's actions alleged in your complaint, please state:

    a.    the name and address of any and all persons, hospitals, counselors, social workers, or other providers from which you received medical or other treatment;

    b.    a full and complete description of all treatments, medication and tests that you received, including the dates of each, and the person or facility by whom/which each was administered; and

    c.    an itemized account of all expenses incurred for the treatment referred to above.

ANSWER NO. 12:

I saw a psychiatrist named Cynthia Brown in North Attleboro, MA for approximately seven (7) to eight (8) visits. She prescribed me two (2) or three (3) different medications for the symptoms described in my Complaint, but when they did not work, I discontinued the medications and stopped seeing Dr. Brown.

SUPPLEMENTAL ANSWER NO. 13:

Objection. This answer is no longer relevant, as the Plaintiff has dismissed the claims related to emotional distress. It is important to note, however, that Plaintiff's counsel provided the Defendants with updated information regarding the psychiatrist and her address, and the Defendants' counsel questioned the Plaintiff regarding same during her deposition.

INTERROGATORY NO. 16:

Please set forth all facts upon which you base your claim that you are entitled to treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964 (c).

ANSWER NO. 16:

Objection. The Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome and seeks to impose a burden which is not

required by the Massachusetts Rules of Civil Procedure, Rule 26. Subject to and without waiving the foregoing, the Plaintiff states as follows: Please see the allegations contained in my Complaint.

SUPPLEMENTAL ANSWER NO. 16:

Objection. The Plaintiff further objects to this interrogatory on the grounds that it calls for a legal conclusion which is not within the reasonable knowledge of the Plaintiff.

INTERROGATORY NO. 25:

Please describe in complete and full detail any communications that you had with any government agency or police department (state or federal) regarding Pease & Curren, giving the date of such communications, the agencies and persons involved; the substance of such communications were in writing.

ANSWER NO. 25:

I met with the Federal Bureau of Investigation on two occasions and I am aware of an ongoing investigation being performed by the Rhode Island State Police Financial Crimes Unit. The main person I am in contact with at the Rhode Island State Police is Detective Sergeant John LeMont. I gave a statement to the Rhode Island State Police with is included with my responses to Defendants' Request for Documents.

SUPPLEMENTAL ANSWER NO. 25:

Please see the Deposition Transcript of Patricia Bergevine, pp. 120-123, 140-155.

Signed under the pains and penalties of perjury this _11_ day of October, 2006.

_/s/ Patricia Bergevine_
PATRICIA BERGEVINE

As to Objections,

_/s/ Gregory J. Aceto_
Gregory J. Aceto, Esq.
  (BBO# 558556)
Erin J. Brennan, Esq.
  (BBO# 660097)
JOHNSON & ACETO, LLP
67 Batterymarch St., Suite 400
Boston, MA 02110
(617) 728-0888

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on _Oct. 13, 2006_.
_/s/ G. Aceto_